**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY,<br><br>                  Plaintiff,<br><br>v.<br><br>DRIVETRAIN, LLC;<br>ABC CORPORATIONS 1-10; and<br>JOHN DOES 1-10,<br><br>                  Defendants. | Civ. A. No. _____<br><br>**NOTICE OF REMOVAL** |

Defendant Drivetrain, LLC ("Drivetrain") hereby files this *Notice of Removal* (the "Notice of Removal"), pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to be referred to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to that certain *Amended Standing Order of Reference* dated January 31, 2012, to be heard in connection with those certain related bankruptcy cases pending as *In re HSP Liquidation, LLC et al.*, jointly administered as case no. 19-11608 (MEW) (Bankr. SDNY) (the "Bankruptcy Cases"). The grounds for removal include:

1. On or about November 4, 2020, Plaintiff filed its complaint (the "Complaint") in the Supreme Court of the State of New York, County of New York, Index No. 656014/2020 (the "NY State Court Action"). A copy of the Complaint is attached hereto as **Exhibit A**.

2. On May 19, 2019 (the "Petition Date"), HSP Liquidation, LLC, formerly known as Hollander Sleep Products, LLC ("Hollander"), and six affiliated debtors (each a "Debtor" and collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the Bankruptcy Court, which initiated the Bankruptcy Cases. The Bankruptcy Cases are currently pending before the Honorable Michael E. Wiles, United States Bankruptcy Judge presiding.

3. The Complaint alleges that Hollander defaulted on certain import duties owed to U.S. Customs and Border Protection ("U.S. Customs"), causing U.S. Customs to assert claims against certain surety bonds provided by Plaintiff (the "Bonds"). In turn, Plaintiff seeks indemnification from Defendant Drivetrain. Complaint ¶¶ 34-35.

4. Section 1452 of title 28 provides, in part, that a party may remove any claim or cause of action in a civil action to the district court if such district court has jurisdiction pursuant to section 1334 of title 28. Section 1334(b) of title 28 provides, in pertinent part, that a district court's jurisdiction extends to those civil proceedings that "arise under," "arise in" or are "related to" a case filed under the Bankruptcy Code. *See also* 28 U.S.C. § 1452.

5. "In the Second Circuit . . . 'related to' bankruptcy jurisdiction exists in any civil action where the outcome 'might have any conceivable effect on [a bankruptcy] estate." *In re Residential Capital, LLC*, 488 B.R. 565, 572 (Bankr. S.D.N.Y. 2013) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)). "Certainty, or even likelihood, is not required" to have a "conceivable effect" on a bankruptcy estate. *Id.* (citing *Winstar Holdings, LLC v. Blackstone Grp. L.P.*, 2007 WL 4323003, at *1 n.1 (S.D.N.Y. Dec. 10, 2007)). The test of a "conceivable effect" is met "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n. 6 (1995). *See also Superior Contracting Gp. Inc. v. Rachmale (In re LTC Hldgs., Inc.)*, 587 B.R. 25, 36 n. 58 (describing the "conceivable effect" test and citing *Celotex* and *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1985)).

6. This standard is easily met. The Complaint arises in, arises under, or otherwise is related to the Bankruptcy Cases and is therefore removable under 28 U.S.C. §§ 1334(b) and 1452, because, *inter alia*:

a. Plaintiff submitted to the jurisdiction of the Bankruptcy Court when it filed three proofs of claims in the Bankruptcy Cases. Copies of Plaintiff's claims are attached hereto as **Exhibit B** (the "Plaintiff's Bankruptcy Claims").

b. Plaintiff's Bankruptcy Claims seek indemnification from the Debtors or the Wind-Down Estates for amounts Plaintiff owes to the U.S. Customs on account of the same Bonds that Plaintiff issued in favor of U.S. Customs.

c. Contrary to Plaintiff's assertion (Complaint ¶ 26), Defendant Drivetrain is not a successor to the Debtors nor did it assume any of the Debtors' assets and liabilities, let alone "all" of them. Rather, Drivetrain is the Bankruptcy Court-appointed Plan Administrator under the *Debtors' Modified First Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan"), as confirmed by Order of the Bankruptcy Court entered on September 5, 2019 (the "Confirmation Order"). A copy of the Confirmation Order and Plan (which is attached Exhibit 1 thereto) are attached hereto as **Exhibit C**. A copy of the notice confirming Drivetrain as the Plan Administrator is attached as Exhibit F to the *Second Amended Plan Supplement* for the Plan, which is attached hereto as **Exhibit D**.

d. Pursuant to the Plan, the Plan Administrator is exclusively authorized to reconcile and administer bankruptcy claims (including Plaintiff's Bankruptcy Claims) filed in the

Bankruptcy Cases and to wind-down the Debtors' estates as the trustee and administrator of the Wind-Down Trust.

e. Plaintiff's Bankruptcy Claims are Disputed Claims under the Plan and the Plan Administrator believes that Plaintiff's Bankruptcy Claims should be Disallowed (as such terms are defined under the Plan) under the provisions of the Bankruptcy Code. The Plan Administrator intends to file objections to Plaintiff's Bankruptcy Claims in the Bankruptcy Court as well as to assert counterclaims against the Plaintiff in Bankruptcy Court.

f. Defendant Drivetrain, as the Plan Administrator, is an "Exculpated Party" and a "Released Party" under the terms of the Plan.

g. Upon the Effective Date of the Plan, the Third-Party Release provisions of the Plan (set forth in Article VIII.D) came into effect in favor of the Plan Administrator. Plaintiff, and all third-party claimants against the Debtors, released any and all claims as set forth thereto against any Released Party, including the Plan Administrator.

h. The Plan also contains a federal injunction at Article VIII.F that enjoins the conduct of the Plaintiff:

> "As of the Effective Date, pursuant to section 524(a) of the Bankruptcy Code, to the fullest extent permissible under applicable law, and except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to Article VIII.A of the Plan, released pursuant to the Debtor Release, the Third-Party Release, or another provision of the Plan (including the release of liens pursuant to Article VIII.B of the Plan), or are subject to exculpation pursuant to Article VIII.E of the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Post-Effective Date Debtors, the Exculpated Parties, or the

4

> Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind, against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan."

   i. Plaintiff knowingly and willfully violated the terms of the Plan, including the release and federal injunction, by filing the Complaint in an attempt to evade the jurisdiction of the Bankruptcy Court.

7. As a result, Drivetrain removes the NY State Court Action to this Court under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027 pursuant to the jurisdiction of this Court under 28 U.S.C. § 1334(b), as a civil proceeding arising under Title 11, or arising in or related to cases under Title 11, namely, the Bankruptcy Cases.

8. Matters "arising under" or "arising in" bankruptcy cases are core proceedings. *See* 28 U.S.C. § 157(b)(1). The NY State Court Action is squarely within the Bankruptcy Court's "core" jurisdiction within the meaning of 28 U.S.C. § 157(b)(1) and (2) for several reasons, including that it concerns administration of the estate, allowance or disallowance of claims, counterclaims by the estate against persons filing claims against the estate, and confirmations of plans. *See* 28 U.S.C. § 157(b)(2)(B). Even if the NY State Court Action is not a core proceeding, it is indisputably *related to* the Bankruptcy Cases, and thus, removal to this Court is proper.

9.      Drivetrain was served with a copy of the Plaintiffs' Summons and Complaint in the NY State Court Action on or about November 10, 2020. This Notice of Removal is filed within 30 days after receipt as required by Bankruptcy Rule 9027(a)(3). This Notice of Removal is timely under Bankruptcy Rule 9027 and 28 U.S.C. § 1452(a).

10.     No previous notice of removal has been filed in this or any other court.

11.     Pursuant to 28 U.S.C. § 1452(a), assignment to the Bankruptcy Court pursuant to that certain *Amended Standing Order of Reference* dated January 31, 2012, which refers bankruptcy matters from the United States District Court for the Southern District of New York to the Bankruptcy Court, is proper.

12.     Pursuant to Bankruptcy Rule 9027, the Notice of Removal is accompanied by a copy of all process and pleadings filed in the NY State Court Action, with the exception of any discovery material, and are attached hereto as **Exhibit A** and **Exhibit E** through **Exhibit Q**.

13.     Pursuant to Bankruptcy Rule 9027(a)(1), Drivetrain hereby consents to entry of final orders or judgment by this Court or the Bankruptcy Court, as applicable.

14.     Upon the filing of this Notice of Removal in the United States District Court for the Southern District of New York, written notice of removal will be given to Plaintiff and to the New York County Supreme Court. Drivetrain will promptly serve on Plaintiff and file with the New York County Supreme Court a Notice of Filing of Notice of Removal to Federal Court pursuant to Rule 9027.

**WHEREFORE**, Drivetrain requests that upon receipt of this removed action, the United States District Court for the Southern District of New York refer this action to the United States Bankruptcy Court for the Southern District of New York.

Dated:  December 10, 2020

                */s/ John A. Morris*
                Bradford J. Sandler, Esq.
                John A. Morris, Esq.
                Shirley S. Cho, Esq.
                PACHULSKI STANG ZIEHL & JONES LLP
                780 Third Avenue, 34th Floor
                New York, NY  10017
                Telephone:  (212) 561-7700
                Facsimile:  (212) 561-7777

                *Counsel to the Plan Administrator,*
                *Drivetrain, LLC*