# **<u>EXHIBIT B</u>**

Debtor: Hollander Sleep Products, LLC.

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

Case Number: 19-11608

---

**FILED**

Claim No. 309

**July 26, 2019**

By Omni Claims Agent
For U.S. Bankruptcy Court
Southern District of New York

---

Official Form 410

## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

Carefully read instructions included with this Proof of Claim before completing.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Argonaut Insurance Company

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

[X] No
[ ] Yes   From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Law Office of Michael W. Starr, LLC

1 Mill Ridge Lane

Suite 206

Chester, NJ 07930

Contact Phone   9088882513

Contact email   mstarr@michaelstarrlaw.com

Where should payments to the creditor be sent? (if different)

Contact Phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

_____

**4. Does this claim amend one already filed?**

[X] No
[ ] Yes   Claim Number on court claims registry (if known) _____   Filed On _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

[X] No
[ ] Yes   Who made the earlier filing? _____

---

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6.** **Do you have any number you use to identify the debtor?**
☒ No
☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7.** **How much is the claim?**
$ __$7,800,000.00__    **Does this amount include interest or other charges?**
☒ No
☐ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** **What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information
Claimant was surety on U.S. Customs Bond

**9.** **Is all or part of the claim secured?**
☒ No
☐ Yes    The claim is secured by a lien on property

**Nature of property:**
☐ Real Estate   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*
☐ Motor Vehicle
☐ Other   Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:** $ _____
**Amount of the claim that is secured:** $ _____
**Amount of the claim that is unsecured:** $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate:**   (when case was filed) _____%
☒ Fixed
☐ Variable

**10.** **Is this claim based on a lease?**
☒ No
☐ Yes    **Amount necessary to cure any default as of the date of the petition.** $ _____

**11.** **Is this claim subject to a right of setoff?**
☒ No
☐ Yes    Identify the property: _____

**12.** **Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. § 503(b)(9)).?**
☒ No
☐ Yes    Amount of 503(b)(9) Claim: $ _____

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☒ Yes    *Check all that apply*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5). | $ _____ |
| ☒ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it.**

**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   7/26/2019
                   _____
                   MM / DD / YYYY

Christopher C. Flagg
_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name       Christopher C. Flagg
           _____
           First Name          Middle Name          Last Name

Title      Attorney-in-Fact for Argonaut Insurance Company
           _____

Company    _____
           Identify the corporate servicer as the company if the authorized agent is a servicer.

           6 Mill Ridge Lane

Address    Suite 206

           Chester, NJ 07930

Contact Phone   9088882513                Email   chrisflagg@cashea.com

Official Form 410                    **Proof of Claim**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| : | **Chapter 11** |
| : |  |
| **In re:** : | **Case No. 19-11608** |
| : | **(Hollander Sleep Products, LLC)** |
| **HOLLANDER SLEEP PRODUCTS, LLC,** : |  |
| ***et al.***, : | **Case No 19-11607** |
| : | **(Dream II Holdings, LLC)** |
| **Debtors.** : |  |
| : | **Case No. 19-11609** |
| : | **(Hollander Home Fashions Holdings, LLC)** |
| : |  |

### ATTACHMENT TO PROOF OF CLAIM ON
### BEHALF OF ARGONAUT INSURANCE COMPANY

1.     Prior to the commencement of the above-captioned Chapter 11 case, Argonaut Insurance Company ("Argonaut") issued U.S. Customs Bond Nos. 9914L2864 and 9914L2875 (together, the "Bonds") to Debtor Hollander Sleep Products, LLC ("Hollander Sleep"). True and accurate copies of the Bonds are attached as **Exhibit A**.

2.     In the event that Hollander Sleep fails to make payments to U.S. Customs and Border Protection ("CBP") covered by the Bonds, Argonaut is required to make such payments on behalf of Hollander Sleep to the CBP subject to the terms of the Bonds.

3.     The Bonds were initially issued on June 17, 2014 and renewed annually for one-year periods thereafter through June 16, 2018.

4.     The Bonds were terminated on June 16, 2018.

5.     Bond No. 9914L2864 requires Argonaut to pay up to Fifty Thousand Dollars ($50,000.00) that may become due subject to the terms of the Bond in any one-year period. Argonaut's potential and future liability under Bond No. 9914L2864 is

1

cumulative so that its total potential and future liability is Fifty Thousand Dollars ($50,000.00) multiplied by the number of years that Bond 9914L2864 was in effect.

6.     Bond No. 9914L2875 requires Argonaut to pay up to One Million and Nine Hundred Thousand Dollars ($1,900,000.00) that may become due subject to the terms of the Bond in any one-year period. Argonaut's potential and future liability under Bond No. 9914L2875 is cumulative so that its total potential and future liability is One Million and Nine Hundred Thousand Dollars ($1,900,000.00) multiplied by the number of years that Bond No. 9914L2875 was in effect.

7.     Argonaut's total potential and future liability under the Bonds is Seven Million and Eight Hundred Thousand Dollars ($7,800,000.00).

8.     In the event that Argonaut makes payments to the CBP on behalf of Hollander Sleep, Hollander Sleep is required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees and interest. A true and accurate copy of the Indemnity Agreement requiring Hollander Sleep to make such payments to Argonaut is attached as **Exhibit B**.

9.     In the event that Argonaut makes payments to the CBP on behalf of Hollander Sleep, Dream II Holdings, LLC ("Dream II") is required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees and interest. A true and accurate copy of the Indemnity Agreement requiring Dream II to make such payments to Argonaut is attached as **Exhibit C**.

10.     In the event that Argonaut makes payments to the CBP on behalf of Hollander Sleep, Hollander Hope Fashions Holdings, LLC ("Hollander Hope") is required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees

2

and interest. A true and accurate copy of the Indemnity Agreement requiring Hollander Hope to make such payments to Argonaut is attached as **Exhibit D**.

11. As of July 25, 2019, the CBP has made demands for liquidated damages in the amount of Thirty-Eight Thousand, Nine Hundred and Forty-Seven Dollars and 65/100 ($38,947.65), which has been mitigated to Four Hundred and Forty-Eight Dollars and 86/100 ($448.86). Argonaut will be obligated to and will pay this amount on behalf of Hollander Sleep. As a result, this amount is due and owing from Hollander Sleep, Dream II and Hollander Hope to Argonaut pursuant to the terms of the Indemnity Agreements.

12. In addition to the demands received to date, there may be additional entries and/or other obligations owed by Hollander Sleep to the CBP and covered by the Bonds that are not known or certain at this time. Argonaut's total potential and contingent liability under the Bonds is Seven Million and Eight Hundred Thousand Dollars ($7,800,000.00). In the event that any payments are made by Argonaut to the CBP under the Bonds, Hollander Sleep, Dream II and Hollander Hope are required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees and interest.

13. No judgment has been rendered on this claim.

14. This claim is not subject to any setoff or counterclaim.

15. No security interest is held for this claim.

16. The amount of all payments on this claim, if any, has been credited and deducted for the purpose of making this Proof of Claim.

17. This claim may be, in whole or part, a priority claim pursuant to section 503 and/or 507 of Title 11 of the United States Bankruptcy Code, depending on the events which give rise to claims under the Bond.

18.    Argonaut reserves the right to amend this Proof of Claim from time to time to the extent that there is any further liquidation of this claim, and for any other lawful or permitted purpose.

19.    The filing of this Proof of Claim is not intended as, and shall not be construed as, (i) an admission of liability or waiver of any defense by Argonaut with respect to the Bonds or Indemnity Agreements; (ii) a waiver or release by Argonaut of any right of exoneration and/or other right it may have against Hollander Sleep, Dream II and/or Hollander Hope; and/or (iii) a waiver or release by Argonaut of its right to be subrogated to the rights of any party pursuant to the terms of the Bonds and/or applicable law.

20.    All notices and communications regarding this Proof of Claim shall be addressed to the Law Office of Michael W. Starr, 1 Mill Ridge Lane, Suite 206, Chester, New Jersey 07930.

/s/ Christopher C. Flagg

DATED: July 26, 2019          Christopher C. Flagg, Attorney-in Fact for Argonaut Insurance Company

4

# EXHIBIT A

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

OMB No. 1651-0050 Exp. 03/31/2014

**CUSTOMS BOND**
19 CFR Part 113

| CBP USE ONLY | BOND NUMBER (Assigned by CBP) |
|---|---|
| | **9914L2864** |

Broker Filer Code: **WY8**    Surey Reference Number: ▓▓▓003/SUR▓▓▓88

| In order to secure payment of any duty, tax or charge and compliance with law or regulation as a date and for each period of activity covered by any condition referenced below, we, the below name principal(s) and surety(ies), bind ourselves to the United States in the amount or amounts, as set forth below. | Execution Date |
|---|---|
| | 05/29/2014 |

**SECTION I** – Select Single Transaction OR Continuous Bond (not both) and fill in the applicable blank spaces.

| ☐ SINGLE TRANSACTION BOND | Identification of transaction secured by this bond (e.g., entry number, seizure number, etc.) XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | Transaction Date XXXXXXXXXXXXX | Port Code |
|---|---|---|---|

| ☒ CONTINUOUS BOND | Effective Date 06/17/2014 | This bond remains in force for one year beginning with the effective date and for each succeeding annual period, or until terminated. This bond constitutes a separate bond for each period in the amounts listed below for liabilities that accrue in each period. The intention to terminate this bond must be conveyed within the period and manner prescribed in the CBP Regulations. |
|---|---|---|

**SECTION II** – This bond includes the following agreements. Check one box only. (Except 3a may be checked independently or with 3.)

| Activity Code | Activity Name and CBP Regulations in which conditions codified | Limit of Liability | Activity Code | Activity Name and CBP Regulations in which conditions codified | Limit of Liability |
|---|---|---|---|---|---|
| ☐ 1 | Importer or broker .........................§113.62 | XXXXXXXXXXXX | ☐ 8 | Detention of Copyrighted Material ............................................§113.70 -Single Transaction Only- | XXXXXXXXXXXX |
| ☒ 1a | Drawback Payments Refunds .........§113.65 | 50,000.00 | ☐ 9 | Neutrality ...........................§113.71 -Single Transaction Only- | XXXXXXXXXXXX |
| ☐ 2 | Custodian of Bonded Merchandise §113.63 (Includes bonded carriers, freight forwarders, cartmen and lightermen, all classes of warehouse, container station operators) -Continuous Bond Only- | XXXXXXXXXXXX | ☐ 10 | Court Costs for Condemned Goods ............................................§113.72 -Single Transaction Only- | XXXXXXXXXXXX |
| ☐ 3 | International Carrier.....................§113.64 | XXXXXXXXXXXX | ☐ 11 | Airport Security Bond......Part 113 App A | XXXXXXXXXXXX |
| ☐ 3a | Instruments of International Traffic... §113.66 -Continuous Bond Only- | XXXXXXXXXXXX | ☐ 12 | International Trade Commission (ITC) Exclusion Bond.............Part 113 App B | XXXXXXXXXXXX |
| ☐ 4 | Foreign Trade Zone......................§113.73 -Continuous Bond Only- | XXXXXXXXXXXX | ☐ 14 | In-Bond Export Consolidation Bond | XXXXXXXXXXXX |
| ☐ 5 | Public Gauger............................§113.67 | XXXXXXXXXXXX | ☐ 15 | Intellectual Property Rights (IPR) | XXXXXXXXXXXX |
| ☐ 6 | Wool & Fur Products.....................§113.68 Labeling Acts Importation -Single Transaction Only- | XXXXXXXXXXXX | ☐ 16 | Importer Security Filing (ISF) ............................Part 113 App D | XXXXXXXXXXXX |
| ☐ 7 | Bill of Lading............................§113.69 -Single Transaction Only- | XXXXXXXXXXXX | ☐ 17 | Marine Terminal Operator -Continuous Bond Only- | XXXXXXXXXXXX |

| **PRINCIPAL** | By checking the box you agree that you have a seal in accordance with 19 CFR 113.25 ▶ | **AFFIX SEAL or Check Box** |
|---|---|---|
| Name and Physical Address (including legal description and state of incorporation) Hollander Sleep Products, LLC 6501 Congress Avenue Suite 300 Boca Raton, FL 33487 (FL Corporation) | CBP Identification Number: 27-▓▓▓00 Signature [signature] Viral Gandhi Vice President of Finance | ☒ Check Box |

| Principal and surety agree that any charge against the bond under any of the listed names is as though it was the principal(s). Principal and surety agree that they are bound to the same extent as if they executed a separate bond covering each set of conditions incorporated by reference to the CBP regulations into this bond. If the surety fails to appoint an agent under Title 31, United States Code, Section 9306, surety consents to service on the Clerk of any United States District Court or the U.S. Court of International Trade, where suit is brought on this bond. That clerk is to send notice of the service to the surety at: ▶ | Mailing Address Requested by the Surety 6 Mill Ridge Lane Chester, NJ 07930 |
|---|---|

| **SURETY** | | | |
|---|---|---|---|
| Name and Physical Address (including legal description and state of incorporation) Argonaut Insurance Company 225 West Washington 6th Floor Chicago, IL 60606 (IL Corporation) | Surety Number 110 Signature [signature] Kevin J. Daily, Atty-in-Fact | Agent ID Number ▓▓▓06 | [SEAL] |

Broker Filer Code: **WY8** _____    Surety Reference Number: ~~140539~~002/SUR~~0017878~~

| Principal Name: **Hollander Sleep Products, LLC** | CBP Identification Number: 27-~~4542143~~00 | **AFFIX SEAL**<br>**or**<br>**Check Box**<br>By checking the box you agree that you have a seal in accordance with 19 CFR 113.25 |
|---|---|---|

**CO-PRINCIPAL**

| Name and Physical Address (including legal description and state of incorporation) | CBP Identification Number:<br><br>N/A | |
|---|---|---|
| | Signature | |
| N/A | N/A | N/A |
| | | ☐ Check Box |

| **SECTION III –** List below the complete name of all trade names or unincorporated divisions that will be permitted to obligate this bond in the principal's name including their CBP Identification Number(s). | | | |
|---|---|---|---|
| CBP Identification Number | Name | CBP Identification Number | Name |
| N/A | N/A | N/A | N/A |
| | | Total Number of Importer Names listed in Section III: | 00 |

**CO-SURETY**

| Name and Physical Address (including legal description and state of incorporation) | Surety Number<br>N/A | Agent ID Number<br>N/A | |
|---|---|---|---|
| | Signature | | |
| N/A | N/A | | N/A |
| | | | ☐ Check Box |

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

OMB No. 1651-0050 Exp. 03/31/2014

## CUSTOMS BOND
19 CFR Part 113

| CBP USE ONLY | BOND NUMBER (Assigned by CBP) |
|---|---|
| | **9914L2875** |

Broker Filer Code: **WY8**

Surety Reference Number: 14 ⬛⬛⬛ /SUR⬛⬛178⬛7

In order to secure payment of any duty, tax or charge and compliance with law or regulation as a result of activity covered by any condition referenced below, we, the below name principal(s) and surety(ies), bind ourselves to the United States in the amount or amounts, as set forth below.

Execution Date
05/29/2014

**SECTION I –** Select Single Transaction OR Continuous Bond (not both) and fill in the applicable blank spaces.

| ☐ SINGLE TRANSACTION BOND | Identification of transaction secured by this bond (e.g., entry number, seizure number, etc.) XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | Transaction Date XXXXXXXXXXXX | Port Code |
|---|---|---|---|

| ☒ CONTINUOUS BOND | Effective Date 06/17/2014 | This bond remains in force for one year beginning with the effective date and for each succeeding annual period, or until terminated. This bond constitutes a separate bond for each period in the amounts listed below for liabilities that accrue in each period. The intention to terminate this bond must be conveyed within the period and manner prescribed in the CBP Regulations. |
|---|---|---|

**SECTION II –** This bond includes the following agreements. Check one box only. (Except 3a may be checked independently or with 3.)

| Activity Code | Activity Name and CBP Regulations in which conditions codified | Limit of Liability | Activity Code | Activity Name and CBP Regulations in which conditions codified | Limit of Liability |
|---|---|---|---|---|---|
| ☒ 1 | Importer or broker .........................§113.62 | 1,900,000.00 | ☐ 8 | Detention of Copyrighted Material ...............................................§113.70 -Single Transaction Only- | XXXXXXXXXXXX |
| ☐ 1a | Drawback Payments Refunds .........§113.65 | XXXXXXXXXXXX | ☐ 9 | Neutrality ............................§113.71 -Single Transaction Only- | XXXXXXXXXXXX |
| ☐ 2 | Custodian of Bonded Merchandise §113.63 (Includes bonded carriers, freight forwarders, cartmen and lightermen, all classes of warehouse, container station operators) -Continuous Bond Only- | XXXXXXXXXXXX | ☐ 10 | Court Costs for Condemned Goods ...............................................§113.72 -Single Transaction Only- | XXXXXXXXXXXX |
| ☐ 3 | International Carrier........................§113.64 | XXXXXXXXXXXX | ☐ 11 | Airport Security Bond......Part 113 App A | XXXXXXXXXXXX |
| ☐ 3a | Instruments of International Traffic... §113.66 -Continuous Bond Only- | XXXXXXXXXXXX | ☐ 12 | International Trade Commission (ITC) Exclusion Bond.............Part 113 App B | XXXXXXXXXXXX |
| ☐ 4 | Foreign Trade Zone........................§113.73 -Continuous Bond Only- | XXXXXXXXXXXX | ☐ 14 | In-Bond Export Consolidation Bond | XXXXXXXXXXXX |
| ☐ 5 | Public Gauger...............................§113.67 | XXXXXXXXXXXX | ☐ 15 | Intellectual Property Rights (IPR) | XXXXXXXXXXXX |
| ☐ 6 | Wool & Fur Products....................§113.68 Labeling Acts Importation -Single Transaction Only- | XXXXXXXXXXXX | ☐ 16 | Importer Security Filing (ISF) ...............................................Part 113 App D | XXXXXXXXXXXX |
| ☐ 7 | Bill of Lading................................§113.69 -Single Transaction Only- | XXXXXXXXXXXX | ☐ 17 | Marine Terminal Operator -Continuous Bond Only- | XXXXXXXXXXXX |

**PRINCIPAL**

By checking the box you agree that you have a seal in accordance with 19 CFR 113.25 ▶

**AFFIX SEAL or Check Box**

Name and Physical Address (including legal description and state of incorporation)
**Hollander Sleep Products, LLC**
**6501 Congress Avenue**
**Suite 300**
**Boca Raton, FL 33487**
**(FL Corporation)**

CBP Identification Number:
27-⬛⬛⬛⬛⬛⬛0

Signature

Viral Gandhi
Vice President of Finance ☒ Check Box

Principal and surety agree that any charge against the bond under any of the listed names is as though it was made by the principal(s). Principal and surety agree that they are bound to the same extent as if they executed a separate bond covering each set of conditions incorporated by reference to the CBP regulations into this bond. If the surety fails to appoint an agent under Title 31, United States Code, Section 9306, surety consents to service on the Clerk of any United States District Court or the U.S. Court of International Trade, where suit is brought on this bond. That clerk is to send notice of the service to the surety at: ▶

Mailing Address Requested by the Surety
6 Mill Ridge Lane
Chester, NJ 07930

**SURETY**

| Name and Physical Address (including legal description and state of incorporation) **Argonaut Insurance Company** 225 West Washington 6th Floor Chicago, IL 60606 (IL Corporation) | Surety Number 110 Signature | Agent ID Number WY8-00-⬛⬛06 Kevin J. Daily, Atty-in-Fact | (INSURANCE CORPORATE SEAL ILLINOIS) ☐ Check Box |
|---|---|---|---|

Broker Filer Code: __WY8__               Surety Reference Number: 14▮▮▮▮▮/SUR▮0178▮7

Principal Name: <u>Hollander Sleep Products,</u>  CBP Identification Number: 27-▮▮4214▮00
            LLC

| **CO-PRINCIPAL** | | **AFFIX SEAL** <br> or <br> **Check Box** <br> By checking the box you agree that you have a seal in accordance with 19 CFR 113.25 |
|---|---|---|
| *Name and Physical Address (including legal description and state of incorporation)* | CBP Identification Number: <br><br> N/A | |
| <br> N/A | Signature <br><br> N/A | N/A <br><br> ☐ Check Box |

**SECTION III** – List below the complete name of all trade names or unincorporated divisions that will be permitted to obligate this bond in the principal's name including their CBP Identification Number(s).

| CBP Identification Number | Name | CBP Identification Number | Name |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| | | Total Number of Importer Names listed in Section III:  00 | |

**CO-SURETY**

| Name and Physical Address *(including legal description and state of incorporation)* | Surety Number <br> N/A | Agent ID Number <br> N/A | |
|---|---|---|---|
| <br> N/A | Signature <br><br> N/A | | N/A <br><br> ☐ Check Box |

# EXHIBIT B

INDEMNITY TO:

| | |
|---|---|
| AMERICAN CASUALTY CO. OF READING, PA | ARGONAUT INSURANCE COMPANY |
| ASPEN AMERICAN INSURANCE COMPANY | ATLANTIC SPECIALTY INSURANCE COMPANY |
| CONTINENTAL CASUALTY COMPANY | FEDERAL INSURANCE COMPANY |
| PHILADELPHIA INDEMNITY INSURANCE CO. | RLI INSURANCE COMPANY |
| TRAVELERS CASUALTY AND SURETY COMPANY | WESTCHESTER FIRE INSURANCE COMPANY |
| WESTERN SURETY COMPANY | |

By **Hollander Sleep Products, LLC** _____ , Address **6501 Congress Avenue, Suite 300**

**Boca Raton, FL 33487**

on behalf of **Hollander Sleep Products, LLC** _____ , Address **6501 Congress Avenue, Suite 300**

**Boca Raton, FL 33487**

its subsidiaries and affiliates, as principal, for any Bond in favor of THE UNITED STATES OF AMERICA as Obligee.

    Each undersigned person, firm and corporation, jointly and severally (also called "Indemnitor") in consideration of the execution by any of the above-captioned sureties, (called "Company") of a bond, or the continuation of any previously executed bond, of the substitution or renewal on any and all bonds, in which the Obligee is THE UNITED STATES OF AMERICA and other claimants, does undertake and agree:

    1. To pay or cause to be paid to Company the agreed premium and/or collateral security for its suretyship until the undersigned shall furnish to Company competent written evidence, satisfactory to Company, of the termination of any bond as to future liability, but with privilege to Company, at any time, to withdraw from future liability under any bond if it so elects, in which event Company's only liability to the undersigned shall be for the pro rata unearned portion of the premium paid in accordance with law. The Indemnitor expressly waives any right, if any, to interest which may be earned on collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the Company or the Company's representative, in any bank as the Company or Company's representative, as in its sole discretion, deems advisable and prudent.

    2. To indemnify and save harmless Company from and against any and all liability, claim, demand, loss, damage, expense, cost, attorney's fees and expenses, included without limitation, fees and disbursements of counsel incurred by the Company in any action or proceeding between the indemnitor and the Company, or between the Company and any third party, which Company shall at any time incur by reason of its execution of any bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Company as a joint or several obligor and whether the indemnitor is then liable to make such payment, and to place the Company in funds to meet all its liability under any bond, promptly upon request and before Company may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the Company of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of Indemnitor's liability to Company under this agreement. Any demand upon the Company by the Obligee shall be sufficient to conclude that a liability exists and the Indemnitor shall then place the Company with sufficient funds in a form and amount deemed acceptable in the Company's sole discretion, as collateral security to cover the liability.

    The Company may make or consent to any modification in any bond and may execute renewals or substitute obligation in any instrument, contract or agreement concerned, without notice to any Indemnitor (notice being expressly waived) and, in such case, each Indemnitor shall be liable to the Company as fully and to the same extent that the Company shall be liable under such modified bond or renewal or substitute obligation, in lieu thereof.

    Each Indemnitor and the heirs, legal representatives, successors and assigns of each Indemnitor are, jointly and severally, bound by the provisions of this agreement, and the liability of each Indemnitor shall not be dependent upon the execution of this agreement or any instrument referred to by any other Indemnitor, and that if the Company procures any co-surety or reinsurance or other surety on said bond or bonds this agreement shall be deemed extended to and for the benefit of the co-surety, reinsuring company or other surety.

    It is mutually agreed that this contract is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York. In consideration for the surety being so bound, the Indemnitor agrees that all actions or proceedings arising directly or indirectly from this agreement shall be litigated only in courts having situs within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

Signed and Sealed this ___ **21** ___ day of ___ **May** ___ 20 **14**

| WITNESS | SIGNATURE(S) OF INDEMNITOR(S) | Affix Corp Seal |
|---|---|---|
| | **Hollander Sleep Products, LLC** | (L.S.) |
| _____ | Viral Gandhi | (L.S.) |
| _____ | Vice President of Finance | (L.S.) |

(This form is to be notarized or signed by two witnesses)

NOTARY PUBLIC-STATE OF FLORIDA
Dena Fisher
Commission # EE118756
Expires: AUG. 19, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

Dena Fisher  5/21/14

140516002

# EXHIBIT C

INDEMNITY TO:

| | |
|---|---|
| **AMERICAN CASUALTY CO. OF READING, PA** | **ARGONAUT INSURANCE COMPANY** |
| **ATLANTIC SPECIALTY INSURANCE COMPANY** | **FEDERAL INSURANCE COMPANY** |
| **MASSACHUSETTS BAY INSURANCE CO** | **NATIONAL CASUALTY COMPANY** |
| **NATIONALWIDE MUTUAL INS. CO.** | **PHILADELPHIA INDEMNITY INSURANCE CO.** |
| **RLI INSURANCE COMPANY** | **TRAVELERS CASUALTY AND SURETY COMPANY** |
| **WESTCHESTER FIRE INSURANCE COMPANY** | **WESTERN SURETY COMPANY** |

By **Dream II Holdings, LLC** . Address **6501 CONGRESS AVE, # 300, BOCA RATON 33487 FL**

on behalf of **Dream II Holdings, LLC** , Address **6501 CONGRESS AVE, # 300, BOCA RATON 33487 FL**

its subsidiaries and affiliates, as principal, for any Bond in favor of THE UNITED STATES OF AMERICA as Obligee.

Each undersigned person, firm and corporation, jointly and severally (also called "Indemnitor") in consideration of the execution by any of the above-captioned sureties, (called "Company") of a bond, or the continuation of any previously executed bond, of the substitution or renewal on any and all bonds, in which the Obligee is THE UNITED STATES OF AMERICA and other claimants, does undertake and agree:

1. To pay or cause to be paid to Company the agreed premium and/or collateral security for its suretyship until the undersigned shall furnish to Company competent written evidence, satisfactory to Company, of the termination of any bond as to future liability, but with privilege to Company, at any time, to withdraw from future liability under any bond if it so elects, in which event Company's only liability to the undersigned shall be for the pro rata unearned portion of the premium paid in accordance with law. The Indemnitor expressly waives any right, if any, to interest which may be earned on collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the Company or the Company's representative, in any bank as the Company or Company's representative, as in its sole discretion, deems advisable and prudent.

2. To indemnify and save harmless Company from and against any and all liability, claim, demand, loss, damage, expense, cost, attorney's fees and expenses, included without limitation, fees and disbursements of counsel incurred by the Company in any action or proceeding between the indemnitor and the Company, or between the Company and any third party, which Company shall at any time incur by reason of its execution of any bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Company as a joint or several obligor and whether the indemnitor is then liable to make such payment, and to place the Company in funds to meet all its liability under any bond, promptly upon request and before Company may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the Company of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of Indemnitor's liability to Company under this agreement. Any demand upon the Company by the Obligee shall be sufficient to conclude that a liability exists and the Indemnitor shall then place the Company with sufficient funds in a form and amount deemed acceptable in the Company's sole discretion, as collateral security to cover the liability.

The Company may make or consent to any modification in any bond and may execute renewals or substitute obligation in any instrument, contract or agreement concerned, without notice to any Indemnitor (notice being expressly waived) and, in such case, each Indemnitor shall be liable to the Company as fully and to the same extent that the Company shall be liable under such modified bond or renewal or substitute obligation, in lieu thereof.

Each Indemnitor and the heirs, legal representatives, successors and assigns of each Indemnitor are, jointly and severally, bound by the provisions of this agreement, and the liability of each Indemnitor shall not be dependent upon the execution of this agreement or any instrument referred to by any other Indemnitor, and that if the Company procures any co-surety or reinsurance or other surety on said bond or bonds this agreement shall be deemed extended to and for the benefit of the co-surety, reinsuring company or other surety.

It is mutually agreed that this contract is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York. In consideration for the surety being so bound, the Indemnitor agrees that all actions or proceedings arising directly or indirectly from this agreement shall be litigated only in courts having situs within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

Signed and Sealed this _____ day of _____ 20 _15_

| WITNESS | SIGNATURE OF INDEMNITOR |
|---|---|
| *(This form is to be notarized or signed by two witnesses)* | **Dream II Holdings, LLC** |
| Signature: | Signature: |
| Name: | Name: JAMES ALLEN |
| Signature: | Corporate Title: CFO |
| Name: NOTARY PUBLIC-STATE OF FLORIDA | |

Affix Corp Seal

Dena Fisher
Commission # EE118756
Expires: AUG. 19, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

140516002

# EXHIBIT D

INDEMNITY TO:

| | |
|---|---|
| AMERICAN CASUALTY CO. OF READING, PA | ARGONAUT INSURANCE COMPANY |
| ASPEN AMERICAN INSURANCE COMPANY | ATLANTIC SPECIALTY INSURANCE COMPANY |
| CONTINENTAL CASUALTY COMPANY | FEDERAL INSURANCE COMPANY |
| PHILADELPHIA INDEMNITY INSURANCE CO. | RLI INSURANCE COMPANY |
| TRAVELERS CASUALTY AND SURETY COMPANY | WESTCHESTER FIRE INSURANCE COMPANY |
| WESTERN SURETY COMPANY | |

By **Hollander Home Fashions Holdings, LLC** . Address 6501 Congress Avenue, Suite 300

Boca Raton, FL 33487

on behalf of **Hollander Sleep Products, LLC** , Address 6501m Congress Avenue, Suite 300

Boca Raton, FL 33487

its subsidiaries and affiliates, as principal, for any Bond in favor of THE UNITED STATES OF AMERICA as Obligee.

Each undersigned person, firm and corporation, jointly and severally (also called "Indemnitor") in consideration of the execution by any of the above-captioned sureties, (called "Company") of a bond, or the continuation of any previously executed bond, of the substitution or renewal on any and all bonds, in which the Obligee is THE UNITED STATES OF AMERICA and other claimants, does undertake and agree:

1. To pay or cause to be paid to Company the agreed premium and/or collateral security for its suretyship until the undersigned shall furnish to Company competent written evidence, satisfactory to Company, of the termination of any bond as to future liability, but with privilege to Company, at any time, to withdraw from future liability under any bond if it so elects, in which event Company's only liability to the undersigned shall be for the pro rata unearned portion of the premium paid in accordance with law. The Indemnitor expressly waives any right, if any, to interest which may be earned on collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the Company or the Company's representative, in any bank as the Company or Company's representative, as in its sole discretion, deems advisable and prudent.

2. To indemnify and save harmless Company from and against any and all liability, claim, demand, loss, damage, expense, cost, attorney's fees and expenses, included without limitation, fees and disbursements of counsel incurred by the Company in any action or proceeding between the indemnitor and the Company, or between the Company and any third party, which Company shall at any time incur by reason of its execution of any bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Company as a joint or several obligor and whether the indemnitor is then liable to make such payment, and to place the Company in funds to meet all its liability under any bond, promptly upon request and before Company may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the Company of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of Indemnitor's liability to Company under this agreement. Any demand upon the Company by the Obligee shall be sufficient to conclude that a liability exists and the Indemnitor shall then place the Company with sufficient funds in a form and amount deemed acceptable in the Company's sole discretion, as collateral security to cover the liability.

The Company may make or consent to any modification in any bond and may execute renewals or substitute obligation in any instrument, contract or agreement concerned, without notice to any Indemnitor (notice being expressly waived) and, in such case, each Indemnitor shall be liable to the Company as fully and to the same extent that the Company shall be liable under such modified bond or renewal or substitute obligation, in lieu thereof.

Each Indemnitor and the heirs, legal representatives, successors and assigns of each Indemnitor are, jointly and severally, bound by the provisions of this agreement, and the liability of each Indemnitor shall not be dependent upon the execution of this agreement or any instrument referred to by any other Indemnitor, and that if the Company procures any co-surety or reinsurance or other surety on said bond or bonds this agreement shall be deemed extended to and for the benefit of the co-surety, reinsuring company or other surety.

It is mutually agreed that this contract is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York. In consideration for the surety being so bound, the Indemnitor agrees that all actions or proceedings arising directly or indirectly from this agreement shall be litigated only in courts having situs within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

Signed and Sealed this _____ 2 _____ day of _____ May _____ 20 17

| WITNESS | SIGNATURE(S) OF INDEMNITOR(S) | Affix |
|---|---|---|
| | **Hollander Home Fashions Holdings, LLC** | Corp Seal (L.S.) |
| _____ | _____ Viral Gandhi | (L.S.) |
| _____ | Vice President of Finance (L.S.) |

*(This form is to be notarized or signed by two witnesses)*

NOTARY PUBLIC-STATE OF FLORIDA
Dena Fisher
Commission # EE118756
Expires: AUG. 19, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

Dena Fisher  5/21/14  140516002

Debtor: Dream II Holdings, LLC.

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

Case Number: 19-11607

<div style="border:1px solid green">

**FILED**

Claim No. 22

**July 26, 2019**

By Omni Claims Agent

For U.S. Bankruptcy Court

Southern District of New York

</div>

Official Form 410

## Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

Carefully read instructions included with this Proof of Claim before completing.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Argonaut Insurance Company

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

[X] No

[ ] Yes    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Law Office of Michael W. Starr, LLC

1 Mill Ridge Lane

Suite 206

Chester, NJ 07930

Where should payments to the creditor be sent? (if different)

Contact Phone   9088882513            Contact Phone _____

Contact email   mstarr@michaelstarrlaw.com    Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one) _____

**4. Does this claim amend one already filed?**

[X] No

[ ] Yes    Claim Number on court claims registry (if known) _____    Filed On _____
                                                                          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

[X] No

[ ] Yes    Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6.** **Do you have any number you use to identify the debtor?**

☒ No
☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor:    _____

**7.** **How much is the claim?**    $ __$7,800,000.00__    **Does this amount include interest or other charges?**

☒ No
☐ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

Claimant was surety on U.S. Customs Bond

**9.** **Is all or part of the claim secured?**

☒ No
☐ Yes    The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*
☐ Motor Vehicle
☐ Other   Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**    $ _____
**Amount of the claim that is secured:**    $ _____
**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate:**   (when case was filed)   _____%
☒ Fixed
☐ Variable

**10.** **Is this claim based on a lease?**

☒ No
☐ Yes    **Amount necessary to cure any default as of the date of the petition.**    $ _____

**11.** **Is this claim subject to a right of setoff?**

☒ No
☐ Yes    Identify the property: _____

**12.** **Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. § 503(b)(9)).?**

☒ No
☐ Yes    Amount of 503(b)(9) Claim: $ _____

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☒ Yes  *Check all that apply*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5). | $ _____ |
| ☒ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it.**

**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  7/26/2019
            MM / DD / YYYY

Christopher C. Flagg
Signature

**Print the name of the person who is completing and signing this claim:**

Name        Christopher C. Flagg
            First Name            Middle Name            Last Name

Title       Attorney-in-Fact for Argonaut Insurance Company

Company     _____
            Identify the corporate servicer as the company if the authorized agent is a servicer.

            6 Mill Ridge Lane

Address

            Chester, NJ 07930

Contact Phone  9088882513            Email   chrisflagg@cashea.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| | **Chapter 11** |
| **In re:** | **Case No. 19-11608** |
| | **(Hollander Sleep Products, LLC)** |
| **HOLLANDER SLEEP PRODUCTS, LLC,** | |
| *et al.*, | **Case No 19-11607** |
| | **(Dream II Holdings, LLC)** |
| **Debtors.** | |
| | **Case No. 19-11609** |
| | **(Hollander Home Fashions Holdings, LLC)** |

## ATTACHMENT TO PROOF OF CLAIM ON
## BEHALF OF ARGONAUT INSURANCE COMPANY

1.     Prior to the commencement of the above-captioned Chapter 11 case, Argonaut Insurance Company ("Argonaut") issued U.S. Customs Bond Nos. 9914L2864 and 9914L2875 (together, the "Bonds") to Debtor Hollander Sleep Products, LLC ("Hollander Sleep"). True and accurate copies of the Bonds are attached as **Exhibit A**.

2.     In the event that Hollander Sleep fails to make payments to U.S. Customs and Border Protection ("CBP") covered by the Bonds, Argonaut is required to make such payments on behalf of Hollander Sleep to the CBP subject to the terms of the Bonds.

3.     The Bonds were initially issued on June 17, 2014 and renewed annually for one-year periods thereafter through June 16, 2018.

4.     The Bonds were terminated on June 16, 2018.

5.     Bond No. 9914L2864 requires Argonaut to pay up to Fifty Thousand Dollars ($50,000.00) that may become due subject to the terms of the Bond in any one-year period. Argonaut's potential and future liability under Bond No. 9914L2864 is

1

cumulative so that its total potential and future liability is Fifty Thousand Dollars ($50,000.00) multiplied by the number of years that Bond 9914L2864 was in effect.

6.      Bond No. 9914L2875 requires Argonaut to pay up to One Million and Nine Hundred Thousand Dollars ($1,900,000.00) that may become due subject to the terms of the Bond in any one-year period.  Argonaut's potential and future liability under Bond No. 9914L2875 is cumulative so that its total potential and future liability is One Million and Nine Hundred Thousand Dollars ($1,900,000.00) multiplied by the number of years that Bond No. 9914L2875 was in effect.

7.      Argonaut's total potential and future liability under the Bonds is Seven Million and Eight Hundred Thousand Dollars ($7,800,000.00).

8.      In the event that Argonaut makes payments to the CBP on behalf of Hollander Sleep, Hollander Sleep is required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees and interest.  A true and accurate copy of the Indemnity Agreement requiring Hollander Sleep to make such payments to Argonaut is attached as **Exhibit B**.

9.      In the event that Argonaut makes payments to the CBP on behalf of Hollander Sleep, Dream II Holdings, LLC ("Dream II") is required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees and interest.  A true and accurate copy of the Indemnity Agreement requiring Dream II to make such payments to Argonaut is attached as **Exhibit C**.

10.     In the event that Argonaut makes payments to the CBP on behalf of Hollander Sleep, Hollander Hope Fashions Holdings, LLC ("Hollander Hope") is required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees

2

and interest. A true and accurate copy of the Indemnity Agreement requiring Hollander Hope to make such payments to Argonaut is attached as **Exhibit D**.

11. As of July 25, 2019, the CBP has made demands for liquidated damages in the amount of Thirty-Eight Thousand, Nine Hundred and Forty-Seven Dollars and 65/100 ($38,947.65), which has been mitigated to Four Hundred and Forty-Eight Dollars and 86/100 ($448.86). Argonaut will be obligated to and will pay this amount on behalf of Hollander Sleep. As a result, this amount is due and owing from Hollander Sleep, Dream II and Hollander Hope to Argonaut pursuant to the terms of the Indemnity Agreements.

12. In addition to the demands received to date, there may be additional entries and/or other obligations owed by Hollander Sleep to the CBP and covered by the Bonds that are not known or certain at this time. Argonaut's total potential and contingent liability under the Bonds is Seven Million and Eight Hundred Thousand Dollars ($7,800,000.00). In the event that any payments are made by Argonaut to the CBP under the Bonds, Hollander Sleep, Dream II and Hollander Hope are required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees and interest.

13. No judgment has been rendered on this claim.

14. This claim is not subject to any setoff or counterclaim.

15. No security interest is held for this claim.

16. The amount of all payments on this claim, if any, has been credited and deducted for the purpose of making this Proof of Claim.

17. This claim may be, in whole or part, a priority claim pursuant to section 503 and/or 507 of Title 11 of the United States Bankruptcy Code, depending on the events which give rise to claims under the Bond.

3

18. Argonaut reserves the right to amend this Proof of Claim from time to time to the extent that there is any further liquidation of this claim, and for any other lawful or permitted purpose.

19. The filing of this Proof of Claim is not intended as, and shall not be construed as, (i) an admission of liability or waiver of any defense by Argonaut with respect to the Bonds or Indemnity Agreements; (ii) a waiver or release by Argonaut of any right of exoneration and/or other right it may have against Hollander Sleep, Dream II and/or Hollander Hope; and/or (iii) a waiver or release by Argonaut of its right to be subrogated to the rights of any party pursuant to the terms of the Bonds and/or applicable law.

20. All notices and communications regarding this Proof of Claim shall be addressed to the Law Office of Michael W. Starr, 1 Mill Ridge Lane, Suite 206, Chester, New Jersey 07930.

/s/ Christopher C. Flagg

DATED: July 26, 2019

Christopher C. Flagg, Attorney-in Fact for Argonaut Insurance Company

4

# EXHIBIT A

DEPARTMENT OF HOMELAND SECURITY    OMB No. 1651-0050 Exp. 03/31/2014
U.S. Customs and Border Protection

## CUSTOMS BOND
19 CFR Part 113

| | BOND NUMBER (Assigned by CBP) |
|---|---|
| CBP USE ONLY | 9914L2864 |

Broker Filer Code: **WY8**    Surety Reference Number: ███003/SUR███88

In order to secure payment of any duty, tax or charge and compliance with law or regulation as a result of activity covered by any condition referenced below, we, the below name principal(s) and surety(ies), bind ourselves to the United States in the amount or amounts, as set forth below.

Execution Date
05/29/2014

**SECTION I** – Select Single Transaction OR Continuous Bond (not both) and fill in the applicable blank spaces.

| ☐ SINGLE TRANSACTION BOND | Identification of transaction secured by this bond (e.g., entry number, seizure number, etc.)  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | Transaction Date XXXXXXXXXXXXX | Port Code |
|---|---|---|---|
| ☒ CONTINUOUS BOND | Effective Date  06/17/2014 | This bond remains in force for one year beginning with the effective date and for each succeeding annual period, or until terminated. This bond constitutes a separate bond for each period in the amounts listed below for liabilities that accrue in each period. The intention to terminate this bond must be conveyed within the period and manner prescribed in the CBP Regulations. | |

**SECTION II** – This bond includes the following agreements. Check one box only. (Except 3a may be checked independently or with 3.)

| Activity Code | Activity Name and CBP Regulations in which conditions codified | Limit of Liability | Activity Code | Activity Name and CBP Regulations in which conditions codified | Limit of Liability |
|---|---|---|---|---|---|
| ☐ 1 | Importer or broker .........................§113.62 | XXXXXXXXXXXX | ☐ 8 | Detention of Copyrighted Material ............................................§113.70 -Single Transaction Only- | XXXXXXXXXXXX |
| ☒ 1a | Drawback Payments Refunds .........§113.65 | 50,000.00 | ☐ 9 | Neutrality ...........................§113.71 -Single Transaction Only- | XXXXXXXXXXXX |
| ☐ 2 | Custodian of Bonded Merchandise §113.63 (Includes bonded carriers, freight forwarders, cartmen and lightermen, all classes of warehouse, container station operators) -Continuous Bond Only- | XXXXXXXXXXXX | ☐ 10 | Court Costs for Condemned Goods ............................................§113.72 -Single Transaction Only- | XXXXXXXXXXXX |
| ☐ 3 | International Carrier.......................§113.64 | XXXXXXXXXXXX | ☐ 11 | Airport Security Bond......Part 113 App A | XXXXXXXXXXXX |
| ☐ 3a | Instruments of International Traffic... §113.66 -Continuous Bond Only- | XXXXXXXXXXXX | ☐ 12 | International Trade Commission (ITC) Exclusion Bond..............Part 113 App B | XXXXXXXXXXXX |
| ☐ 4 | Foreign Trade Zone.......................§113.73 -Continuous Bond Only- | XXXXXXXXXXXX | ☐ 14 | In-Bond Export Consolidation Bond | XXXXXXXXXXXX |
| ☐ 5 | Public Gauger............................§113.67 | XXXXXXXXXXXX | ☐ 15 | Intellectual Property Rights (IPR) | XXXXXXXXXXXX |
| ☐ 6 | Wool & Fur Products.....................§113.68 Labeling Acts Importation -Single Transaction Only- | XXXXXXXXXXXX | ☐ 16 | Importer Security Filing (ISF) .......................................Part 113 App D | XXXXXXXXXXXX |
| ☐ 7 | Bill of Lading................................§113.69 -Single Transaction Only- | XXXXXXXXXXXX | ☐ 17 | Marine Terminal Operator -Continuous Bond Only- | XXXXXXXXXXXX |

**PRINCIPAL**

| | By checking the box you agree that you have a seal in accordance with 19 CFR 113.25 ▶ | AFFIX SEAL **or** Check Box |
|---|---|---|
| *Name and Physical Address (including legal description and state of incorporation)*  **Hollander Sleep Products, LLC 6501 Congress Avenue Suite 300 Boca Raton, FL 33487 (FL Corporation)** | CBP Identification Number:  27-███████00  Signature  *(signature)*  Viral Gandhi  Vice President of Finance | ☒ Check Box |

| Principal and surety agree that any charge against the bond under any of the listed names is as though it was made by the principal(s). Principal and surety agree that they are bound to the same extent as if they executed a separate bond covering each set of conditions incorporated by reference to the CBP regulations into this bond. If the surety fails to appoint an agent under Title 31, United States Code, Section 9306, surety consents to service on the Clerk of any United States District Court or the U.S. Court of International Trade, where suit is brought on this bond. That clerk is to send notice of the service to the surety at: ▶ | Mailing Address Requested by the Surety  6 Mill Ridge Lane Chester, NJ 07930 |
|---|---|

**SURETY**

| *Name and Physical Address (including legal description and state of incorporation)*  Argonaut Insurance Company 225 West Washington 6th Floor Chicago, IL 60606 (IL Corporation) | Surety Number  110 | Agent ID Number  ███████06 | *(Argonaut Insurance Corporation Illinois Seal)* |
|---|---|---|---|
| | Signature  *(signature)*  Kevin J. Daily, Atty-in-Fact | | |

Page 1 of 2    CBP Form 301 (06/11)

Broker Filer Code: **WY8** _____ Surety Reference Number: ▓▓▓▓▓002/SUR▓▓1▓▓▓8

Principal Name: **Hollander Sleep Products,** CBP Identification Number: 27-▓▓▓▓▓00

| LLC | |
|---|---|

| | | |
|---|---|---|
| | | **AFFIX SEAL** <br> or <br> **Check Box** |
| **CO-PRINCIPAL** | | By checking the box you agree that you have a seal in accordance with 19 CFR 113.25 |
| Name and Physical Address *(including legal description and state of incorporation)* | CBP Identification Number: <br><br> N/A | |
| | Signature | |
| N/A | N/A | N/A |
| | | ☐ Check Box |

| SECTION III – List below the complete name of all trade names or unincorporated divisions that will be permitted to obligate this bond in the principal's name including their CBP Identification Number(s). | | | |
|---|---|---|---|
| CBP Identification Number | Name | CBP Identification Number | Name |
| N/A | N/A | N/A | N/A |
| | | Total Number of Importer Names listed in Section III: 00 | |

**CO-SURETY**

| Name and Physical Address *(including legal description and state of incorporation)* | Surety Number <br> N/A | Agent ID Number <br> N/A | |
|---|---|---|---|
| | Signature | | |
| N/A | | N/A | N/A |
| | | | ☐ Check Box |

Page 2 of 2 CBP Form 301 (06/11)

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

OMB No. 1651-0050 Exp. 03/31/2014

## CUSTOMS BOND
19 CFR Part 113

| CBP USE ONLY | BOND NUMBER (Assigned by CBP) |
|---|---|
| | **9914L2875** |

Broker Filer Code: **WY8**        Surety Reference Number: 14_____/SUR_____

In order to secure payment of any duty, tax or charge and compliance with law or regulation as a result of activity covered by any condition referenced below, we, the below name principal(s) and surety(ies), bind ourselves to the United States in the amount or amounts, as set forth below.

| Execution Date |
|---|
| 05/29/2014 |

**SECTION I** – Select Single Transaction OR Continuous Bond (not both) and fill in the applicable blank spaces.

| ☐ SINGLE TRANSACTION BOND | Identification of transaction secured by this bond (e.g., entry number, seizure number, etc.)  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | Transaction Date  XXXXXXXXXXXX | Port Code |
|---|---|---|---|

| ☒ CONTINUOUS BOND | Effective Date  06/17/2014 | This bond remains in force for one year beginning with the effective date and for each succeeding annual period, or until terminated. This bond constitutes a separate bond for each period in the amounts listed below for liabilities that accrue in each period. The intention to terminate this bond must be conveyed within the period and manner prescribed in the CBP Regulations. |
|---|---|---|

**SECTION II** – This bond includes the following agreements. Check one box only. (Except 3a may be checked independently or with 3.)

| Activity Code | Activity Name and CBP Regulations in which conditions codified | Limit of Liability | Activity Code | Activity Name and CBP Regulations in which conditions codified | Limit of Liability |
|---|---|---|---|---|---|
| ☒ 1 | Importer or broker ...............§113.62 | 1,900,000.00 | ☐ 8 | Detention of Copyrighted Material ................................................§113.70  -Single Transaction Only- | XXXXXXXXXXX |
| ☐ 1a | Drawback Payments Refunds ........§113.65 | XXXXXXXXXXX | ☐ 9 | Neutrality ............................§113.71  -Single Transaction Only- | XXXXXXXXXXX |
| ☐ 2 | Custodian of Bonded Merchandise §113.63 (Includes bonded carriers, freight forwarders, cartmen and lightermen, all classes of warehouse, container station operators)  -Continuous Bond Only- | XXXXXXXXXXX | ☐ 10 | Court Costs for Condemned Goods ................................................§113.72  -Single Transaction Only- | XXXXXXXXXXX |
| ☐ 3 | International Carrier.......................§113.64 | XXXXXXXXXXX | ☐ 11 | Airport Security Bond......Part 113 App A | XXXXXXXXXXX |
| ☐ 3a | Instruments of International Traffic... §113.66  -Continuous Bond Only- | XXXXXXXXXXX | ☐ 12 | International Trade Commission (ITC) Exclusion Bond.............Part 113 App B | XXXXXXXXXXX |
| ☐ 4 | Foreign Trade Zone.......................§113.73  -Continuous Bond Only- | XXXXXXXXXXX | ☐ 14 | In-Bond Export Consolidation Bond | XXXXXXXXXXX |
| ☐ 5 | Public Gauger..............................§113.67 | XXXXXXXXXXX | ☐ 15 | Intellectual Property Rights (IPR) | XXXXXXXXXXX |
| ☐ 6 | Wool & Fur Products....................§113.68 Labeling Acts Importation  -Single Transaction Only- | XXXXXXXXXXX | ☐ 16 | Importer Security Filing (ISF) ................................................Part 113 App D | XXXXXXXXXXX |
| ☐ 7 | Bill of Lading...............................§113.69  -Single Transaction Only- | XXXXXXXXXXX | ☐ 17 | Marine Terminal Operator  -Continuous Bond Only- | XXXXXXXXXXX |

**PRINCIPAL**

By checking the box you agree that you have a seal in accordance with 19 CFR 113.25 ▶

**AFFIX SEAL or Check Box**

| Name and Physical Address (including legal description and state of incorporation)  Hollander Sleep Products, LLC  6501 Congress Avenue  Suite 300  Boca Raton, FL 33487  (FL Corporation) | CBP Identification Number:  27-_____0  Signature  Viral Gandhi  Vice President of Finance | ☒ Check Box |
|---|---|---|

Principal and surety agree that any charge against the bond under any of the listed names is as though it was made by the principal(s). Principal and surety agree that they are bound to the same extent as if they executed a separate bond covering each set of conditions incorporated by reference to the CBP regulations into this bond. If the surety fails to appoint an agent under Title 31, United States Code, Section 9306, surety consents to service on the Clerk of any United States District Court or the U.S. Court of International Trade, where suit is brought on this bond. That clerk is to send notice of the service to the surety at: ▶

| Mailing Address Requested by the Surety  6 Mill Ridge Lane  Chester, NJ 07930 |
|---|

**SURETY**

| Name and Physical Address (including legal description and state of incorporation)  Argonaut Insurance Company  225 West Washington  6th Floor  Chicago, IL 60606  (IL Corporation) | Surety Number  110  Signature  Kevin J. Daily, Atty-in-Fact | Agent ID Number  WY8-00-0006 | SEAL  ☐ Check Box |
|---|---|---|---|

Page 1 of 2    CBP Form 301 (06/11)

Broker Filer Code: **WY8**      Surety Reference Number: 14█████/SUR█0178█7

| Principal Name: **Hollander Sleep Products, LLC** | CBP Identification Number: **27-█5421 4**800 | **AFFIX SEAL**<br>**or**<br>**Check Box** |
|---|---|---|
| | | By checking the box you agree that you have a seal in accordance with 19 CFR 113.25 |

**CO-PRINCIPAL**

| Name and Physical Address (including legal description and state of incorporation) | CBP Identification Number:<br>N/A | |
|---|---|---|
| N/A | Signature<br>N/A | N/A |
| | | ☐ Check Box |

---

**SECTION III** – List below the complete name of all trade names or unincorporated divisions that will be permitted to obligate this bond in the principal's name including their CBP Identification Number(s).

| CBP Identification Number | Name | CBP Identification Number | Name |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| | | Total Number of Importer Names listed in Section III:   00 | |

**CO-SURETY**

| Name and Physical Address (including legal description and state of incorporation) | Surety Number<br>N/A | Agent ID Number<br>N/A | |
|---|---|---|---|
| N/A | Signature<br>N/A | | N/A |
| | | | ☐ Check Box |

Page 2 of 2   CBP Form 301 (06/11)

# EXHIBIT B

INDEMNITY TO:

| AMERICAN CASUALTY CO. OF READING, PA | ARGONAUT INSURANCE COMPANY |
|---|---|
| ASPEN AMERICAN INSURANCE COMPANY | ATLANTIC SPECIALTY INSURANCE COMPANY |
| CONTINENTAL CASUALTY COMPANY | FEDERAL INSURANCE COMPANY |
| PHILADELPHIA INDEMNITY INSURANCE CO. | RLI INSURANCE COMPANY |
| TRAVELERS CASUALTY AND SURETY COMPANY | WESTCHESTER FIRE INSURANCE COMPANY |
| WESTERN SURETY COMPANY | |

By **Hollander Sleep Products, LLC** , . Address **6501 Congress Avenue, Suite 300**
   **Boca Raton, FL 33487**

on behalf of **Hollander Sleep Products, LLC** , Address **6501 Congress Avenue, Suite 300**
   **Boca Raton, FL 33487**

its subsidiaries and affiliates, as principal, for any Bond in favor of THE UNITED STATES OF AMERICA as Obligee.

Each undersigned person, firm and corporation, jointly and severally (also called "Indemnitor") in consideration of the execution by any of the above-captioned sureties, (called "Company") of a bond, or the continuation of any previously executed bond, of the substitution or renewal on any and all bonds, in which the Obligee is THE UNITED STATES OF AMERICA and other claimants, does undertake and agree:

1. To pay or cause to be paid to Company the agreed premium and/or collateral security for its suretyship until the undersigned shall furnish to Company competent written evidence, satisfactory to Company, of the termination of any bond as to future liability, but with privilege to Company, at any time, to withdraw from future liability under any bond if it so elects, in which event Company's only liability to the undersigned shall be for the pro rata unearned portion of the premium paid in accordance with law. The Indemnitor expressly waives any right, if any, to interest which may be earned on collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the Company or the Company's representative, in any bank as the Company or Company's representative, as in its sole discretion, deems advisable and prudent.

2. To indemnify and save harmless Company from and against any and all liability, claim, demand, loss, damage, expense, cost, attorney's fees and expenses, included without limitation, fees and disbursements of counsel incurred by the Company in any action or proceeding between the indemnitor and the Company, or between the Company and any third party, which Company shall at any time incur by reason of its execution of any bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Company as a joint or several obligor and whether the indemnitor is then liable to make such payment, and to place the Company in funds to meet all its liability under any bond, promptly upon request and before Company may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the Company of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of Indemnitor's liability to Company under this agreement. Any demand upon the Company by the Obligee shall be sufficient to conclude that a liability exists and the Indemnitor shall then place the Company with sufficient funds in a form and amount deemed acceptable in the Company's sole discretion, as collateral security to cover the liability.

The Company may make or consent to any modification in any bond and may execute renewals or substitute obligation in any instrument, contract or agreement concerned, without notice to any Indemnitor (notice being expressly waived) and, in such case, each Indemnitor shall be liable to the Company as fully and to the same extent that the Company shall be liable under such modified bond or renewal or substitute obligation, in lieu thereof.

Each Indemnitor and the heirs, legal representatives, successors and assigns of each Indemnitor are, jointly and severally, bound by the provisions of this agreement, and the liability of each Indemnitor shall not be dependent upon the execution of this agreement or any instrument referred to by any other Indemnitor, and that if the Company procures any co-surety or reinsurance or other surety on said bond or bonds this agreement shall be deemed extended to and for the benefit of the co-surety, reinsuring company or other surety.

It is mutually agreed that this contract is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York. In consideration for the surety being so bound, the Indemnitor agrees that all actions or proceedings arising directly or indirectly from this agreement shall be litigated only in courts having situs within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

Signed and Sealed this _____ day of _____ 20__

WITNESS     SIGNATURE(S) OF INDEMNITOR(S)
**Hollander Sleep Products, LLC**

     Viral Gandhi
     Vice President of Finance

*(This form is to be notarized or signed by two witnesses)*

NOTARY PUBLIC-STATE OF FLORIDA
Dena Fisher
Commission # EE118756
Expires: AUG. 19, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

Dena Fisher 5/21/14

140516002

# EXHIBIT C

INDEMNITY TO:

| AMERICAN CASUALTY CO. OF READING, PA | ARGONAUT INSURANCE COMPANY |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY | FEDERAL INSURANCE COMPANY |
| MASSACHUSETTS BAY INSURANCE CO | NATIONAL CASUALTY COMPANY |
| NATIONALWIDE MUTUAL INS. CO. | PHILADELPHIA INDEMNITY INSURANCE CO. |
| RLI INSURANCE COMPANY | TRAVELERS CASUALTY AND SURETY COMPANY |
| WESTCHESTER FIRE INSURANCE COMPANY | WESTERN SURETY COMPANY |

By **Dream II Holdings, LLC** . Address **6501 CONGRESS AVE, # 300, BOCA RATON 33487 FL**

on behalf of **Dream II Holdings, LLC** , Address **6501 CONGRESS AVE, # 300, BOCA RATON 33487 FL**

its subsidiaries and affiliates, as principal, for any Bond in favor of THE UNITED STATES OF AMERICA as Obligee.

Each undersigned person, firm and corporation, jointly and severally (also called "Indemnitor") in consideration of the execution by any of the above-captioned sureties, (called "Company") of a bond, or the continuation of any previously executed bond, of the substitution or renewal on any and all bonds, in which the Obligee is THE UNITED STATES OF AMERICA and other claimants, does undertake and agree:

1. To pay or cause to be paid to Company the agreed premium and/or collateral security for its suretyship until the undersigned shall furnish to Company competent written evidence, satisfactory to Company, of the termination of any bond as to future liability, but with privilege to Company, at any time, to withdraw from future liability under any bond if it so elects, in which event Company's only liability to the undersigned shall be for the pro rata unearned portion of the premium paid in accordance with law. The Indemnitor expressly waives any right, if any, to interest which may be earned on collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the Company or the Company's representative, in any bank as the Company or Company's representative, as in its sole discretion, deems advisable and prudent.

2. To indemnify and save harmless Company from and against any and all liability, claim, demand, loss, damage, expense, cost, attorney's fees and expenses, included without limitation, fees and disbursements of counsel incurred by the Company in any action or proceeding between the indemnitor and the Company, or between the Company and any third party, which Company shall at any time incur by reason of its execution of any bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Company as a joint or several obligor and whether the indemnitor is then liable to make such payment, and to place the Company in funds to meet all its liability under any bond, promptly upon request and before Company may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the Company of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of Indemnitor's liability to Company under this agreement. Any demand upon the Company by the Obligee shall be sufficient to conclude that a liability exists and the Indemnitor shall then place the Company with sufficient funds in a form and amount deemed acceptable in the Company's sole discretion, as collateral security to cover the liability.

The Company may make or consent to any modification in any bond and may execute renewals or substitute obligation in any instrument, contract or agreement concerned, without notice to any Indemnitor (notice being expressly waived) and, in such case, each Indemnitor shall be liable to the Company as fully and to the same extent that the Company shall be liable under such modified bond or renewal or substitute obligation, in lieu thereof.

Each Indemnitor and the heirs, legal representatives, successors and assigns of each Indemnitor are, jointly and severally, bound by the provisions of this agreement, and the liability of each Indemnitor shall not be dependent upon the execution of this agreement or any instrument referred to by any other Indemnitor, and that if the Company procures any co-surety or reinsurance or other surety on said bond or bonds this agreement shall be deemed extended to and for the benefit of the co-surety, reinsuring company or other surety.

It is mutually agreed that this contract is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York. In consideration for the surety being so bound, the Indemnitor agrees that all actions or proceedings arising directly or indirectly from this agreement shall be litigated only in courts having situs within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

Signed and Sealed this _____ day of _____ July _____ 20 15

WITNESS — SIGNATURE OF INDEMNITOR

(This form is to be notarized or signed by two witnesses) Dream II Holdings, LLC

Signature: _____

Name: Dena Fisher

Signature: _____

Name: Signature: _____ Name: JAMES ALLEN Corporate Title: CFO

NOTARY PUBLIC-STATE OF FLORIDA
Dena Fisher
Commission # EE118756
Expires: AUG. 19, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

Affix Corp Seal

140516002

# EXHIBIT D

INDEMNITY TO:

| | |
|---|---|
| **AMERICAN CASUALTY CO. OF READING, PA** | **ARGONAUT INSURANCE COMPANY** |
| **ASPEN AMERICAN INSURANCE COMPANY** | **ATLANTIC SPECIALTY INSURANCE COMPANY** |
| **CONTINENTAL CASUALTY COMPANY** | **FEDERAL INSURANCE COMPANY** |
| **PHILADELPHIA INDEMNITY INSURANCE CO.** | **RLI INSURANCE COMPANY** |
| **TRAVELERS CASUALTY AND SURETY COMPANY** | **WESTCHESTER FIRE INSURANCE COMPANY** |
| **WESTERN SURETY COMPANY** | |

By **Hollander Home Fashions Holdings, LLC**_____ . Address 6501 Congress Avenue, Suite 300

Boca Raton, FL 33487

on behalf of **Hollander Sleep Products, LLC**_____ , Address 6501m Congress Avenue, Suite 300

Boca Raton, FL 33487

its subsidiaries and affiliates, as principal, for any Bond in favor of THE UNITED STATES OF AMERICA as Obligee.

Each undersigned person, firm and corporation, jointly and severally (also called "Indemnitor") in consideration of the execution by any of the above-captioned sureties, (called "Company") of a bond, or the continuation of any previously executed bond, of the substitution or renewal on any and all bonds, in which the Obligee is THE UNITED STATES OF AMERICA and other claimants, does undertake and agree:

1. To pay or cause to be paid to Company the agreed premium and/or collateral security for its suretyship until the undersigned shall furnish to Company competent written evidence, satisfactory to Company, of the termination of any bond as to future liability, but with privilege to Company, at any time, to withdraw from future liability under any bond if it so elects, in which event Company's only liability to the undersigned shall be for the pro rata unearned portion of the premium paid in accordance with law. The Indemnitor expressly waives any right, if any, to interest which may be earned on collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the Company or the Company's representative, in any bank as the Company or Company's representative, as in its sole discretion, deems advisable and prudent.

2. To indemnify and save harmless Company from and against any and all liability, claim, demand, loss, damage, expense, cost, attorney's fees and expenses, included without limitation, fees and disbursements of counsel incurred by the Company in any action or proceeding between the indemnitor and the Company, or between the Company and any third party, which Company shall at any time incur by reason of its execution of any bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Company as a joint or several obligor and whether the indemnitor is then liable to make such payment, and to place the Company in funds to meet all its liability under any bond, promptly upon request and before Company may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the Company of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of Indemnitor's liability to Company under this agreement. Any demand upon the Company by the Obligee shall be sufficient to conclude that a liability exists and the Indemnitor shall then place the Company with sufficient funds in a form and amount deemed acceptable in the Company's sole discretion, as collateral security to cover the liability.

The Company may make or consent to any modification in any bond and may execute renewals or substitute obligation in any instrument, contract or agreement concerned, without notice to any Indemnitor (notice being expressly waived) and, in such case, each Indemnitor shall be liable to the Company as fully and to the same extent that the Company shall be liable under such modified bond or renewal or substitute obligation, in lieu thereof.

Each Indemnitor and the heirs, legal representatives, successors and assigns of each Indemnitor are, jointly and severally, bound by the provisions of this agreement, and the liability of each Indemnitor shall not be dependent upon the execution of this agreement or any instrument referred to by any other Indemnitor, and that if the Company procures any co-surety or reinsurance or other surety on said bond or bonds this agreement shall be deemed extended to and for the benefit of the co-surety, reinsuring company or other surety.

It is mutually agreed that this contract is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York. In consideration for the surety being so bound, the Indemnitor agrees that all actions or proceedings arising directly or indirectly from this agreement shall be litigated only in courts having situs within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

Signed and Sealed this _____ 2 1 _____ day of _____ May _____ 20 1 4

| | | |
|---|---|---|
| **WITNESS** | SIGNATURE(S) OF INDEMNITOR(S) | Affix Corp Seal |
| | **Hollander Home Fashions Holdings, LLC** | (L.S.) |
| _____ | _____ | |
| | Viral Gandhi | (L.S.) |
| _____ | Vice President of Finance | (L.S.) |

*(This form is to be notarized or signed by two witnesses)*

NOTARY PUBLIC-STATE OF FLORIDA
Dena Fisher
Commission # EE118756
Expires: AUG. 19, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

Dena Fisher 5/21/14 140516002

Debtor: Hollander Home Fashions Holdings, LLC.

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

Case Number: 19-11609

<div style="border:1px solid green">

**FILED**

Claim No. 19

**July 26, 2019**

By Omni Claims Agent

For U.S. Bankruptcy Court

Southern District of New York

</div>

Official Form 410

## Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

Carefully read instructions included with this Proof of Claim before completing.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Argonaut Insurance Company

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

[X] No
[ ] Yes    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Law Office of Michael W. Starr, LLC

1 Mill Ridge Lane

Suite 206

Chester, NJ 07930

Contact Phone  9088882513

Contact email  mstarr@michaelstarrlaw.com

**Where should payments to the creditor be sent? (if different)**

Contact Phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

_____

**4. Does this claim amend one already filed?**

[X] No
[ ] Yes    Claim Number on court claims registry (if known) _____    Filed On _____
                                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

[X] No
[ ] Yes    Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6.** **Do you have any number you use to identify the debtor?**

    [X] No
    [ ] Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7.** **How much is the claim?**

    $ ___$7,800,000.00___

    **Does this amount include interest or other charges?**

    [X] No
    [ ] Yes   Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

Claimant was surety on U.S. Customs Bond

**9.** **Is all or part of the claim secured?**

    [X] No
    [ ] Yes    The claim is secured by a lien on property

    **Nature of property:**

    [ ] Real Estate   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*
    [ ] Motor Vehicle
    [ ] Other    Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

    **Value of Property:**    $ _____
    **Amount of the claim that is secured:**    $ _____
    **Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7).

    **Amount necessary to cure any default as of the date of the petition:**    $ _____

    **Annual Interest Rate:**   (when case was filed) _____%
    [X] Fixed
    [ ] Variable

**10.** **Is this claim based on a lease?**

    [X] No
    [ ] Yes    **Amount necessary to cure any default as of the date of the petition.**    $ _____

**11.** **Is this claim subject to a right of setoff?**

    [X] No
    [ ] Yes    Identify the property: _____

**12.** **Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. § 503(b)(9)).?**

    [X] No
    [ ] Yes    Amount of 503(b)(9) Claim:   $ _____

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☒ Yes    *Check all that apply*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

Amount entitled to priority

$ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$ _____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |

**The person completing this proof of claim must sign and date it.**

**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    7/26/2019
_____
MM / DD / YYYY

Christopher C. Flagg
_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name          Christopher C. Flagg
_____
First Name          Middle Name          Last Name

Title          Attorney-in-Fact for Argonaut Insurance Company
_____

Company       _____
Identify the corporate servicer as the company if the authorized agent is a servicer.
6 Mill Ridge Lane

Address       .

Chester, NJ 07930

Contact Phone   9088882513          Email   chrisflagg@cashea.com

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | **Chapter 11** |
| | : | |
| **In re:** | : | **Case No. 19-11608** |
| | : | **(Hollander Sleep Products, LLC)** |
| **HOLLANDER SLEEP PRODUCTS, LLC,** | : | |
| *et al.*, | : | **Case No 19-11607** |
| | : | **(Dream II Holdings, LLC)** |
| **Debtors.** | : | |
| | : | **Case No. 19-11609** |
| | : | **(Hollander Home Fashions Holdings, LLC)** |
| | : | |

**ATTACHMENT TO PROOF OF CLAIM ON
BEHALF OF ARGONAUT INSURANCE COMPANY**

1.      Prior to the commencement of the above-captioned Chapter 11 case, Argonaut Insurance Company ("Argonaut") issued U.S. Customs Bond Nos. 9914L2864 and 9914L2875 (together, the "Bonds") to Debtor Hollander Sleep Products, LLC ("Hollander Sleep"). True and accurate copies of the Bonds are attached as **Exhibit A**.

2.      In the event that Hollander Sleep fails to make payments to U.S. Customs and Border Protection ("CBP") covered by the Bonds, Argonaut is required to make such payments on behalf of Hollander Sleep to the CBP subject to the terms of the Bonds.

3.      The Bonds were initially issued on June 17, 2014 and renewed annually for one-year periods thereafter through June 16, 2018.

4.      The Bonds were terminated on June 16, 2018.

5.      Bond No. 9914L2864 requires Argonaut to pay up to Fifty Thousand Dollars ($50,000.00) that may become due subject to the terms of the Bond in any one-year period. Argonaut's potential and future liability under Bond No. 9914L2864 is

1

cumulative so that its total potential and future liability is Fifty Thousand Dollars ($50,000.00) multiplied by the number of years that Bond 9914L2864 was in effect.

6.    Bond No. 9914L2875 requires Argonaut to pay up to One Million and Nine Hundred Thousand Dollars ($1,900,000.00) that may become due subject to the terms of the Bond in any one-year period.  Argonaut's potential and future liability under Bond No. 9914L2875 is cumulative so that its total potential and future liability is One Million and Nine Hundred Thousand Dollars ($1,900,000.00) multiplied by the number of years that Bond No. 9914L2875 was in effect.

7.    Argonaut's total potential and future liability under the Bonds is Seven Million and Eight Hundred Thousand Dollars ($7,800,000.00).

8.    In the event that Argonaut makes payments to the CBP on behalf of Hollander Sleep, Hollander Sleep is required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees and interest.  A true and accurate copy of the Indemnity Agreement requiring Hollander Sleep to make such payments to Argonaut is attached as **Exhibit B**.

9.    In the event that Argonaut makes payments to the CBP on behalf of Hollander Sleep, Dream II Holdings, LLC ("Dream II") is required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees and interest.  A true and accurate copy of the Indemnity Agreement requiring Dream II to make such payments to Argonaut is attached as **Exhibit C**.

10.    In the event that Argonaut makes payments to the CBP on behalf of Hollander Sleep, Hollander Home Fashions Holdings, LLC ("Hollander Home") is required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees

2

Case 1:20-cv-10434 Document 1-2 Filed 12/10/20 Page 43 of 55

and interest. A true and accurate copy of the Indemnity Agreement requiring Hollander Home to make such payments to Argonaut is attached as **Exhibit D**.

11.     As of July 25, 2019, the CBP has made demands for liquidated damages in the amount of Thirty-Eight Thousand, Nine Hundred and Forty-Seven Dollars and 65/100 ($38,947.65), which has been mitigated to Four Hundred and Forty-Eight Dollars and 86/100 ($448.86). Argonaut will be obligated to and will pay this amount on behalf of Hollander Sleep. As a result, this amount is due and owing from Hollander Sleep, Dream II and Hollander Hope to Argonaut pursuant to the terms of the Indemnity Agreements.

12.     In addition to the demands received to date, there may be additional entries and/or other obligations owed by Hollander Sleep to the CBP and covered by the Bonds that are not known or certain at this time. Argonaut's total potential and contingent liability under the Bonds is Seven Million and Eight Hundred Thousand Dollars ($7,800,000.00). In the event that any payments are made by Argonaut to the CBP under the Bonds, Hollander Sleep, Dream II and Hollander Home are required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees and interest.

13.     No judgment has been rendered on this claim.

14.     This claim is not subject to any setoff or counterclaim.

15.     No security interest is held for this claim.

16.     The amount of all payments on this claim, if any, has been credited and deducted for the purpose of making this Proof of Claim.

17.     This claim may be, in whole or part, a priority claim pursuant to section 503 and/or 507 of Title 11 of the United States Bankruptcy Code, depending on the events which give rise to claims under the Bond.

3

18.     Argonaut reserves the right to amend this Proof of Claim from time to time to the extent that there is any further liquidation of this claim, and for any other lawful or permitted purpose.

19.     The filing of this Proof of Claim is not intended as, and shall not be construed as, (i) an admission of liability or waiver of any defense by Argonaut with respect to the Bonds or Indemnity Agreements; (ii) a waiver or release by Argonaut of any right of exoneration and/or other right it may have against Hollander Sleep, Dream II and/or Hollander Home; and/or (iii) a waiver or release by Argonaut of its right to be subrogated to the rights of any party pursuant to the terms of the Bonds and/or applicable law.

20.     All notices and communications regarding this Proof of Claim shall be addressed to the Law Office of Michael W. Starr, 1 Mill Ridge Lane, Suite 206, Chester, New Jersey 07930.

/s/ Christopher C. Flagg
_____

DATED:  July 26, 2019          Christopher C. Flagg, Attorney-in Fact for
                               Argonaut Insurance Company

4

# EXHIBIT A

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

OMB No. 1651-0050 Exp. 03/31/2014

## CUSTOMS BOND
19 CFR Part 113

| CBP USE ONLY | BOND NUMBER (Assigned by CBP) |
|---|---|
| | **9914L2864** |

Broker Filer Code: **WY8**      Surey Reference Number: ███003/SUR███88

| In order to secure payment of any duty, tax or charge and compliance with law or regulation as a result of activity covered by any condition referenced below, we, the below name principal(s) and surety(ies), bind ourselves to the United States in the amount or amounts, as set forth below. | Execution Date 05/29/2014 |
|---|---|

**SECTION I** – Select Single Transaction OR Continuous Bond (not both) and fill in the applicable blank spaces.

| ☐ SINGLE TRANSACTION BOND | Identification of transaction secured by this bond (e.g., entry number, seizure number, etc.) XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | Transaction Date XXXXXXXXXXXXX | Port Code |
|---|---|---|---|

| ☒ CONTINUOUS BOND | Effective Date 06/17/2014 | This bond remains in force for one year beginning with the effective date and for each succeeding annual period, or until terminated. This bond constitutes a separate bond for each period in the amounts listed below for liabilities that accrue in each period. The intention to terminate this bond must be conveyed within the period and manner prescribed in the CBP Regulations. |
|---|---|---|

**SECTION II** – This bond includes the following agreements. Check one box only. (Except 3a may be checked independently or with 3.)

| Activity Code | Activity Name and CBP Regulations in which conditions codified | Limit of Liability | Activity Code | Activity Name and CBP Regulations in which conditions codified | Limit of Liability |
|---|---|---|---|---|---|
| ☐ 1 | Importer or broker ...................§113.62 | XXXXXXXXXXX | ☐ 8 | Detention of Copyrighted Material ...........................................§113.70 -Single Transaction Only- | XXXXXXXXXXX |
| ☒ 1a | Drawback Payments Refunds .........§113.65 | 50,000.00 | ☐ 9 | Neutrality ............................§113.71 -Single Transaction Only- | XXXXXXXXXXX |
| ☐ 2 | Custodian of Bonded Merchandise §113.63 (Includes bonded carriers, freight forwarders, cartmen and lightermen, all classes of warehouse, container station operators) -Continuous Bond Only- | XXXXXXXXXXX | ☐ 10 | Court Costs for Condemned Goods .............................................§113.72 -Single Transaction Only- | XXXXXXXXXXX |
| ☐ 3 | International Carrier.......................§113.64 | XXXXXXXXXXX | ☐ 11 | Airport Security Bond......Part 113 App A | XXXXXXXXXXX |
| ☐ 3a | Instruments of International Traffic... §113.66 -Continuous Bond Only- | XXXXXXXXXXX | ☐ 12 | International Trade Commission (ITC) Exclusion Bond...............Part 113 App B | XXXXXXXXXXX |
| ☐ 4 | Foreign Trade Zone.......................§113.73 -Continuous Bond Only- | XXXXXXXXXXX | ☐ 14 | In-Bond Export Consolidation Bond | XXXXXXXXXXX |
| ☐ 5 | Public Gauger............................ §113.67 | XXXXXXXXXXX | ☐ 15 | Intellectual Property Rights (IPR) | XXXXXXXXXXX |
| ☐ 6 | Wool & Fur Products.....................§113.68 Labeling Acts Importation -Single Transaction Only- | XXXXXXXXXXX | ☐ 16 | Importer Security Filing (ISF) .............................Part 113 App D | XXXXXXXXXXX |
| ☐ 7 | Bill of Lading..............................§113.69 -Single Transaction Only- | XXXXXXXXXXX | ☐ 17 | Marine Terminal Operator -Continuous Bond Only- | XXXXXXXXXXX |

| **PRINCIPAL** | By checking the box you agree that you have a seal in accordance with 19 CFR 113.25 ▶ | **AFFIX SEAL or Check Box** |
|---|---|---|
| Name and Physical Address (including legal description and state of incorporation) Hollander Sleep Products, LLC 6501 Congress Avenue Suite 300 Boca Raton, FL 33487 (FL Corporation) | CBP Identification Number: 27-███████00 Signature Viral Gandhi Vice President of Finance | ☒ Check Box |

| Principal and surety agree that any charge against the bond under any of the listed names is as though it was made by the principal(s). Principal and surety agree that they are bound to the same extent as if they executed a separate bond covering each set of conditions incorporated by reference to the CBP regulations into this bond. If the surety fails to appoint an agent under Title 31, United States Code, Section 9306, surety consents to service on the Clerk of any United States District Court or the U.S. Court of International Trade, where suit is brought on this bond. That clerk is to send notice of the service to the surety at: ▶ | Mailing Address Requested by the Surety 6 Mill Ridge Lane Chester, NJ 07930 |
|---|---|

**SURETY**

| Name and Physical Address (including legal description and state of incorporation) Argonaut Insurance Company 225 West Washington 6th Floor Chicago, IL 60606 (IL Corporation) | Surety Number 110 Signature Kevin J. Daily, Atty-in-Fact | Agent ID Number ███████06 | SEAL ☐ Check Box |
|---|---|---|---|

Broker Filer Code: **WY8**                    Surety Reference Number: ▓▓▓▓/002/SUR▓▓78▓8

| Principal Name: **Hollander Sleep Products, LLC** | CBP Identification Number: 27-▓54214▓00 | **AFFIX SEAL**<br>**or**<br>**Check Box**<br>By checking the box you agree that you have a seal in accordance with 19 CFR 113.25 |
|---|---|---|

**CO-PRINCIPAL**

| Name and Physical Address (including legal description and state of incorporation) | CBP Identification Number: | |
|---|---|---|
| | N/A | |
| | Signature | N/A |
| N/A | N/A | |
| | | ☐ Check Box |

| **SECTION III** – List below the complete name of all trade names or unincorporated divisions that will be permitted to obligate this bond in the principal's name including their CBP Identification Number(s). | | | |
|---|---|---|---|
| CBP Identification Number | Name | CBP Identification Number | Name |
| N/A | N/A | N/A | N/A |
| | | Total Number of Importer Names listed in Section III: | 00 |

**CO-SURETY**

| Name and Physical Address (including legal description and state of incorporation) | Surety Number | Agent ID Number | |
|---|---|---|---|
| | N/A | N/A | |
| | Signature | | N/A |
| N/A | N/A | | |
| | | | ☐ Check Box |

Page 2 of 2 CBP Form 301 (06/11)

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

OMB No. 1651-0050 Exp. 03/31/2014

## CUSTOMS BOND
19 CFR Part 113

| CBP USE ONLY | BOND NUMBER (Assigned by CBP) |
|---|---|
| | **9914L2875** |

Broker Filer Code: **WY8**

Surety Reference Number: 14XXXXX/SURX017887

In order to secure payment of any duty, tax or charge and compliance with law or regulation as a result of activity covered by any condition referenced below, we, the below name principal(s) and surety(ies), bind ourselves to the United States in the amount or amounts, as set forth below.

Execution Date: 05/29/2014

**SECTION I –** Select Single Transaction OR Continuous Bond (not both) and fill in the applicable blank spaces.

| ☐ SINGLE TRANSACTION BOND | Identification of transaction secured by this bond (e.g., entry number, seizure number, etc.) XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | | Transaction Date XXXXXXXXXXXX | Port Code |
|---|---|---|---|---|
| ☒ CONTINUOUS BOND | Effective Date 06/17/2014 | This bond remains in force for one year beginning with the effective date and for each succeeding annual period, or until terminated. This bond constitutes a separate bond for each period in the amounts listed below for liabilities that accrue in each period. The intention to terminate this bond must be conveyed within the period and manner prescribed in the CBP Regulations. | | |

**SECTION II –** This bond includes the following agreements. Check one box only. (Except 3a may be checked independently or with 3.)

| Activity Code | Activity Name and CBP Regulations in which conditions codified | Limit of Liability | Activity Code | Activity Name and CBP Regulations in which conditions codified | Limit of Liability |
|---|---|---|---|---|---|
| ☒ 1 | Importer or broker ..........................§113.62 | 1,900,000.00 | ☐ 8 | Detention of Copyrighted Material ..............................................§113.70 -Single Transaction Only- | XXXXXXXXXXX |
| ☐ 1a | Drawback Payments Refunds .........§113.65 | XXXXXXXXXXX | ☐ 9 | Neutrality .............................§113.71 -Single Transaction Only- | XXXXXXXXXXX |
| ☐ 2 | Custodian of Bonded Merchandise §113.63 (Includes bonded carriers, freight forwarders, cartmen and lightermen, all classes of warehouse, container station operators) -Continuous Bond Only- | XXXXXXXXXXX | ☐ 10 | Court Costs for Condemned Goods ..............................................§113.72 -Single Transaction Only- | XXXXXXXXXXX |
| ☐ 3 | International Carrier.........................§113.64 | XXXXXXXXXXX | ☐ 11 | Airport Security Bond......Part 113 App A | XXXXXXXXXXX |
| ☐ 3a | Instruments of International Traffic... §113.66 -Continuous Bond Only- | XXXXXXXXXXX | ☐ 12 | International Trade Commission (ITC) Exclusion Bond.............Part 113 App B | XXXXXXXXXXX |
| ☐ 4 | Foreign Trade Zone.........................§113.73 -Continuous Bond Only- | XXXXXXXXXXX | ☐ 14 | In-Bond Export Consolidation Bond | XXXXXXXXXXX |
| ☐ 5 | Public Gauger...............................§113.67 | XXXXXXXXXXX | ☐ 15 | Intellectual Property Rights (IPR) | XXXXXXXXXXX |
| ☐ 6 | Wool & Fur Products.....................§113.68 Labeling Acts Importation -Single Transaction Only- | XXXXXXXXXXX | ☐ 16 | Importer Security Filing (ISF) ..............................................Part 113 App D | XXXXXXXXXXX |
| ☐ 7 | Bill of Lading...............................§113.69 -Single Transaction Only- | XXXXXXXXXXX | ☐ 17 | Marine Terminal Operator -Continuous Bond Only- | XXXXXXXXXXX |

**PRINCIPAL**

By checking the box you agree that you have a seal in accordance with 19 CFR 113.25 ▶

**AFFIX SEAL or Check Box**

Name and Physical Address (including legal description and state of incorporation)
**Hollander Sleep Products, LLC**
**6501 Congress Avenue**
**Suite 300**
**Boca Raton, FL 33487**
**(FL Corporation)**

CBP Identification Number: 27-XXXXXXX0

Signature *[signature]*

Viral Gandhi
Vice President of Finance  ☒ Check Box

Principal and surety agree that any charge against the bond under any of the listed names is as though it was made by the principal(s). Principal and surety agree that they are bound to the same extent as if they executed a separate bond covering each set of conditions incorporated by reference to the CBP regulations into this bond. If the surety fails to appoint an agent under Title 31, United States Code, Section 9306, surety consents to service on the Clerk of any United States District Court or the U.S. Court of International Trade, where suit is brought on this bond. That clerk is to send notice of the service to the surety at: ▶

Mailing Address Requested by the Surety
6 Mill Ridge Lane
Chester, NJ 07930

**SURETY**

| Name and Physical Address (including legal description and state of incorporation) Argonaut Insurance Company 225 West Washington 6th Floor Chicago, IL 60606 (IL Corporation) | Surety Number 110 Signature *[signature]* Kevin J. Daily, Atty-in-Fact | Agent ID Number WY8-00-0006 | *[SEAL: ARGONAUT INSURANCE CORPORATE SEAL ILLINOIS]* ☐ Check Box |
|---|---|---|---|

CBP Form 301 (06/11)

Broker Filer Code: **WY8**                      Surety Reference Number: 14████/SUR█0178█7

Principal Name: <u>**Hollander Sleep Products,**</u> CBP Identification Number: 27-█54214█00
<u>**LLC**</u>

| | | AFFIX SEAL or Check Box |
|---|---|---|
| **CO-PRINCIPAL** | | By checking the box you agree that you have a seal in accordance with 19 CFR 113.25 |
| *Name and Physical Address (including legal description and state of incorporation)* | CBP Identification Number: N/A | |
| | Signature | |
| N/A | N/A | N/A |
| | | ☐ Check Box |

| **SECTION III** – List below the complete name of all trade names or unincorporated divisions that will be permitted to obligate this bond in the principal's name including their CBP Identification Number(s). | | | |
|---|---|---|---|
| CBP Identification Number | Name | CBP Identification Number | Name |
| N/A | N/A | N/A | N/A |
| | | Total Number of Importer Names listed in Section III: 00 | |

**CO-SURETY**

| Name and Physical Address *(including legal description and state of incorporation)* | Surety Number N/A | Agent ID Number N/A | |
|---|---|---|---|
| | Signature | | |
| N/A | N/A | | N/A |
| | | | ☐ Check Box |

Page **2** of 2   CBP Form 301 (06/11)

# EXHIBIT B

INDEMNITY TO:

| AMERICAN CASUALTY CO. OF READING, PA | ARGONAUT INSURANCE COMPANY |
|---|---|

AMERICAN CASUALTY CO. OF READING, PA
ASPEN AMERICAN INSURANCE COMPANY
CONTINENTAL CASUALTY COMPANY
PHILADELPHIA INDEMNITY INSURANCE CO.
TRAVELERS CASUALTY AND SURETY COMPANY
WESTERN SURETY COMPANY

ARGONAUT INSURANCE COMPANY
ATLANTIC SPECIALTY INSURANCE COMPANY
FEDERAL INSURANCE COMPANY
RLI INSURANCE COMPANY
WESTCHESTER FIRE INSURANCE COMPANY

By **Hollander Sleep Products, LLC** . Address **6501 Congress Avenue, Suite 300**

**Boca Raton, FL 33487**

on behalf of **Hollander Sleep Products, LLC** , Address **6501 Congress Avenue, Suite 300**

**Boca Raton, FL 33487**

its subsidiaries and affiliates, as principal, for any Bond in favor of THE UNITED STATES OF AMERICA as Obligee.

Each undersigned person, firm and corporation, jointly and severally (also called "Indemnitor") in consideration of the execution by any of the above-captioned sureties, (called "Company") of a bond, or the continuation of any previously executed bond, of the substitution or renewal on any and all bonds, in which the Obligee is THE UNITED STATES OF AMERICA and other claimants, does undertake and agree:

1. To pay or cause to be paid to Company the agreed premium and/or collateral security for its suretyship until the undersigned shall furnish to Company competent written evidence, satisfactory to Company, of the termination of any bond as to future liability, but with privilege to Company, at any time, to withdraw from future liability under any bond if it so elects, in which event Company's only liability to the undersigned shall be for the pro rata unearned portion of the premium paid in accordance with law. The Indemnitor expressly waives any right, if any, to interest which may be earned on collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the Company or the Company's representative, in any bank as the Company or Company's representative, as in its sole discretion, deems advisable and prudent.

2. To indemnify and save harmless Company from and against any and all liability, claim, demand, loss, damage, expense, cost, attorney's fees and expenses, included without limitation, fees and disbursements of counsel incurred by the Company in any action or proceeding between the indemnitor and the Company, or between the Company and any third party, which Company shall at any time incur by reason of its execution of any bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Company as a joint or several obligor and whether the indemnitor is then liable to make such payment, and to place the Company in funds to meet all its liability under any bond, promptly upon request and before Company may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the Company of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of Indemnitor's liability to Company under this agreement. Any demand upon the Company by the Obligee shall be sufficient to conclude that a liability exists and the Indemnitor shall then place the Company with sufficient funds in a form and amount deemed acceptable in the Company's sole discretion, as collateral security to cover the liability.

The Company may make or consent to any modification in any bond and may execute renewals or substitute obligation in any instrument, contract or agreement concerned, without notice to any Indemnitor (notice being expressly waived) and, in such case, each Indemnitor shall be liable to the Company as fully and to the same extent that the Company shall be liable under such modified bond or renewal or substitute obligation, in lieu thereof.

Each Indemnitor and the heirs, legal representatives, successors and assigns of each Indemnitor are, jointly and severally, bound by the provisions of this agreement, and the liability of each Indemnitor shall not be dependent upon the execution of this agreement or any instrument referred to by any other Indemnitor, and that if the Company procures any co-surety or reinsurance or other surety on said bond or bonds this agreement shall be deemed extended to and for the benefit of the co-surety, reinsuring company or other surety.

It is mutually agreed that this contract is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York. In consideration for the surety being so bound, the Indemnitor agrees that all actions or proceedings arising directly or indirectly from this agreement shall be litigated only in courts having situs within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

Signed and Sealed this _____ 2/ _____ day of _____ May _____ 20 14

| WITNESS | SIGNATURE(S) OF INDEMNITOR(S) | Affix Corp Seal |
|---|---|---|
| | **Hollander Sleep Products, LLC** | (L.S.) |
| _____ | Viral Gandhi | (L.S.) |
| _____ | Vice President of Finance | (L.S.) |

*(This form is to be notarized or signed by two witnesses)*

NOTARY PUBLIC-STATE OF FLORIDA
Dena Fisher
Commission # EE118756
Expires: AUG. 19, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

Dena Fisher 5/21/14

140516002

INDEX NO. 656014/2020
RECEIVED NYSCEF: 11/04/2020

# EXHIBIT C

INDEMNITY TO:

<table>
<tr><td>AMERICAN CASUALTY CO. OF READING, PA<br>ATLANTIC SPECIALTY INSURANCE COMPANY<br>MASSACHUSETTS BAY INSURANCE CO<br>NATIONALWIDE MUTUAL INS. CO.<br>RLI INSURANCE COMPANY<br>WESTCHESTER FIRE INSURANCE COMPANY</td><td>ARGONAUT INSURANCE COMPANY<br>FEDERAL INSURANCE COMPANY<br>NATIONAL CASUALTY COMPANY<br>PHILADELPHIA INDEMNITY INSURANCE CO.<br>TRAVELERS CASUALTY AND SURETY COMPANY<br>WESTERN SURETY COMPANY</td></tr>
</table>

By  **Dream II Holdings, LLC** _____ . Address **6501 CONGRESS AVE, # 300, BOCA RATON 33487 FL**

on behalf of  **Dream II Holdings, LLC** _____ , Address **6501 CONGRESS AVE, # 300, BOCA RATON 33487 FL**

its subsidiaries and affiliates, as principal, for any Bond in favor of THE UNITED STATES OF AMERICA as Obligee.

Each undersigned person, firm and corporation, jointly and severally (also called "Indemnitor") in consideration of the execution by any of the above-captioned sureties, (called "Company") of a bond, or the continuation of any previously executed bond, of the substitution or renewal on any and all bonds, in which the Obligee is THE UNITED STATES OF AMERICA and other claimants, does undertake and agree:

1. To pay or cause to be paid to Company the agreed premium and/or collateral security for its suretyship until the undersigned shall furnish to Company competent written evidence, satisfactory to Company, of the termination of any bond as to future liability, but with privilege to Company, at any time, to withdraw from future liability under any bond if it so elects, in which event Company's only liability to the undersigned shall be for the pro rata unearned portion of the premium paid in accordance with law. The Indemnitor expressly waives any right, if any, to interest which may be earned on collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the Company or the Company's representative, in any bank as the Company or Company's representative, as in its sole discretion, deems advisable and prudent.

2. To indemnify and save harmless Company from and against any and all liability, claim, demand, loss, damage, expense, cost, attorney's fees and expenses, included without limitation, fees and disbursements of counsel incurred by the Company in any action or proceeding between the indemnitor and the Company, or between the Company and any third party, which Company shall at any time incur by reason of its execution of any bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Company as a joint or several obligor and whether the indemnitor is then liable to make such payment, and to place the Company in funds to meet all its liability under any bond, promptly upon request and before Company may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the Company of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of Indemnitor's liability to Company under this agreement. Any demand upon the Company by the Obligee shall be sufficient to conclude that a liability exists and the Indemnitor shall then place the Company with sufficient funds in a form and amount deemed acceptable in the Company's sole discretion, as collateral security to cover the liability.

The Company may make or consent to any modification in any bond and may execute renewals or substitute obligation in any instrument, contract or agreement concerned, without notice to any Indemnitor (notice being expressly waived) and, in such case, each Indemnitor shall be liable to the Company as fully and to the same extent that the Company shall be liable under such modified bond or renewal or substitute obligation, in lieu thereof.

Each Indemnitor and the heirs, legal representatives, successors and assigns of each Indemnitor are, jointly and severally, bound by the provisions of this agreement, and the liability of each Indemnitor shall not be dependent upon the execution of this agreement or any instrument referred to by any other Indemnitor, and that if the Company procures any co-surety or reinsurance or other surety on said bond or bonds this agreement shall be deemed extended to and for the benefit of the co-surety, reinsuring company or other surety.

It is mutually agreed that this contract is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York. In consideration for the surety being so bound, the Indemnitor agrees that all actions or proceedings arising directly or indirectly from this agreement shall be litigated only in courts having situs within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

Signed and Sealed this _____ day of _____ JULY _____ 20 15

WITNESS | SIGNATURE OF INDEMNITOR

(This form is to be notarized or signed by two witnesses) | Dream II Holdings, LLC

Signature: _____ | Signature: _____ | Affix Corp Seal

Name: Dena Fisher | Name: JAMES ALLEN

Signature: _____ | Corporate Title: CFO

Name: NOTARY PUBLIC-STATE OF FLORIDA
Dena Fisher
Commission # EE118756
Expires: AUG. 19, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

140516002

# EXHIBIT D

INDEMNITY TO:

| | |
|---|---|
| AMERICAN CASUALTY CO. OF READING, PA | ARGONAUT INSURANCE COMPANY |
| ASPEN AMERICAN INSURANCE COMPANY | ATLANTIC SPECIALTY INSURANCE COMPANY |
| CONTINENTAL CASUALTY COMPANY | FEDERAL INSURANCE COMPANY |
| PHILADELPHIA INDEMNITY INSURANCE CO. | RLI INSURANCE COMPANY |
| TRAVELERS CASUALTY AND SURETY COMPANY | WESTCHESTER FIRE INSURANCE COMPANY |
| WESTERN SURETY COMPANY | |

By **Hollander Home Fashions Holdings, LLC** . Address 6501 Congress Avenue, Suite 300
Boca Raton, FL 33487

on behalf of **Hollander Sleep Products, LLC** , Address 6501m Congress Avenue, Suite 300
Boca Raton, FL 33487

its subsidiaries and affiliates, as principal, for any Bond in favor of THE UNITED STATES OF AMERICA as Obligee.

Each undersigned person, firm and corporation, jointly and severally (also called "Indemnitor") in consideration of the execution by any of the above-captioned sureties, (called "Company") of a bond, or the continuation of any previously executed bond, of the substitution or renewal on any and all bonds, in which the Obligee is THE UNITED STATES OF AMERICA and other claimants, does undertake and agree:

1. To pay or cause to be paid to Company the agreed premium and/or collateral security for its suretyship until the undersigned shall furnish to Company competent written evidence, satisfactory to Company, of the termination of any bond as to future liability, but with privilege to Company, at any time, to withdraw from future liability under any bond if it so elects, in which event Company's only liability to the undersigned shall be for the pro rata unearned portion of the premium paid in accordance with law. The Indemnitor expressly waives any right, if any, to interest which may be earned on collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the Company or the Company's representative, in any bank as the Company or Company's representative, as in its sole discretion, deems advisable and prudent.

2. To indemnify and save harmless Company from and against any and all liability, claim, demand, loss, damage, expense, cost, attorney's fees and expenses, included without limitation, fees and disbursements of counsel incurred by the Company in any action or proceeding between the indemnitor and the Company, or between the Company and any third party, which Company shall at any time incur by reason of its execution of any bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Company as a joint or several obligor and whether the indemnitor is then liable to make such payment, and to place the Company in funds to meet all its liability under any bond, promptly upon request and before Company may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the Company of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of Indemnitor's liability to Company under this agreement. Any demand upon the Company by the Obligee shall be sufficient to conclude that a liability exists and the Indemnitor shall then place the Company with sufficient funds in a form and amount deemed acceptable in the Company's sole discretion, as collateral security to cover the liability.

The Company may make or consent to any modification in any bond and may execute renewals or substitute obligation in any instrument, contract or agreement concerned, without notice to any Indemnitor (notice being expressly waived) and, in such case, each Indemnitor shall be liable to the Company as fully and to the same extent that the Company shall be liable under such modified bond or renewal or substitute obligation, in lieu thereof.

Each Indemnitor and the heirs, legal representatives, successors and assigns of each Indemnitor are, jointly and severally, bound by the provisions of this agreement, and the liability of each Indemnitor shall not be dependent upon the execution of this agreement or any instrument referred to by any other Indemnitor, and that if the Company procures any co-surety or reinsurance or other surety on said bond or bonds this agreement shall be deemed extended to and for the benefit of the co-surety, reinsuring company or other surety.

It is mutually agreed that this contract is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York. In consideration for the surety being so bound, the Indemnitor agrees that all actions or proceedings arising directly or indirectly from this agreement shall be litigated only in courts having situs within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

Signed and Sealed this _____ 21 _____ day of _____ May _____ 20 17

WITNESS

SIGNATURE(S) OF INDEMNITOR(S)
Hollander Home Fashions Holdings, LLC

Affix Corp Seal (L.S.)

Viral Gandhi (L.S.)
Vice President of Finance (L.S.)

(This form is to be notarized or signed by two witnesses)

NOTARY PUBLIC-STATE OF FLORIDA
Dena Fisher
Commission # EE118756
Expires: AUG. 19, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

Dena Fisher 5/21/14 140516002