# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY, | Index No.: 656014/2020 |
| Plaintiff, | |
| v. | **AFFIRMATION IN SUPPORT OF ORDER TO SHOW CAUSE** |
| DRIVETRAIN, LLC. ABC CORPORATIONS 1-10, and JOHN DOES 1-10, | |
| Defendants. | |

TOD S. CHASIN, an attorney duly licensed and admitted to practice law before the Courts of the State of New York, duly affirms the following under the penalty of perjury:

1. I am an attorney with the law firm RIKER DANZIG SCHERER HYLAND & PERRETTI LLP, attorneys for the Plaintiff ARGONAUT INSURANCE COMPANY ("Argonaut"), and as such, I am fully familiar with the facts and circumstances surrounding this matter and the issues in the instant motion.

2. I submit this affirmation in support of the instant Order to Show Cause, with temporary restraints and a mandatory injunction, to require Defendant, Drivetrain LLC ("Drivetrain") to post collateral with Argonaut in the amount of $306,999.80 to secure Argonaut's obligation under the Bonds issued on behalf of Drivetrain; or, alternatively, if Drivetrain fails to post collateral, to prohibit Drivetrain from transferring any assets.

3. This action arises from defendant Drivetrain's breach of the Indemnity Agreements and its subsequent failure to post collateral pursuant to its obligations under the Bonds issued by Argonaut for the benefit of Hollander Sleep LLC.

1

4. Argonaut commenced this action by filing a Summons and Verified Complaint on or about November 4, 2020. A true and accurate copy of the Summons and Verified Complaint without the exhibits is attached hereto as Exhibit "A."[1]

5. Drivetrain was served on November 11, 2020 via service upon the New York Secretary of State. A true and accurate copy of the Certification of Service is attached hereto as Exhibit "B."

6. I am respectfully requesting immediate judicial review of its Order to Show Cause on the grounds that there will be significant prejudice and irreparable harm to Argonaut in the event that a hearing on this Order is not granted.

7. For the reasons set forth in the supporting Memorandum of Law and Affidavit of Christopher C. Flagg, with attached exhibits, Argonaut satisfies the three requirements for the issuance of a preliminary injunction: (1) Argonaut is likely to succeed on the merits of its claim against Drivetrain, (2) Argonaut will suffer irreparable harm if the requested collateral is not deposited, and (3) equities clearly favor the relief Argonaut has sought.

8. A good faith effort has been made to notify Drivetrain regarding the time, date, and place of this application, and allowing Drivetrain's counsel an opportunity to appear in response to the application.

9. On the 13th day of November 2020, I have notified Marc Rosenberg of Drivetrain regarding the presentment of this Order to Show Cause via email (mrosenberg@drivetrainllc.com).

10. No prior application has been made for the relief now requested.

   **WHEREFORE**, Argonaut respectfully requests that the Court grant this grant its Order to Show Cause and order that Drivetrain post collateral with Argonaut in the amount of

---

[1] Exhibits A through P of the Verified Complaint are attached to the Affidavit of Christopher C. Flagg.

2

$306,999.80; or, if Drivetrain fails to post collateral, prohibit Drivetrain from transferring any assets, to secure Argonaut's obligation under the subject Bonds issued on behalf of Drivetrain as assignee principal; and for any further relief as may be just, proper, and equitable.

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 17, 2020
New York, New York

RIKER DANZIG SCHERER
HYLAND & PERRETTI LLP

Tod S. Chasin, Esq.

**VIA CERTIFIED MAIL AND EMAIL**
**TO:**  Drivetrain, LLC
Attn: Marc Rosenberg
410 Park Avenue, Suite 900
New York, New York 10022

3

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY, | **SUMMONS** |
| Plaintiff, | |
| v. | **Index No.:** |
| | **Date Filed:** November 4, 2020 |
| DRIVETRAIN, LLC; | |
| ABC CORPORATIONS 1-10; and | **Basis of Venue** |
| JOHN DOES 1-10, | C.P.L.R. § 503(a) |
| | Residence of defendant |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS

You are hereby summoned to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: November 4, 2020
New York, New York

RIKER DANZIG SCHERER
HYLAND & PERRETTI LLP

Curtis M. Plaza, Esq.
Tod S. Chasin, Esq.
Agostino A. Zammiello, Esq.
500 Fifth Avenue
New York, New York 10110
Tel: (212) 302-6574
Fax: (212) 302-6628

TO:    Drivetrain, LLC
       410 Park Avenue, Ste. 900
       New York, NY 10022

**IMMEDIATELY FORWARD TO YOUR ATTORNEY OR INSURANCE COMPANY**

1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

ARGONAUT INSURANCE COMPANY,

Plaintiff,

v.

DRIVETRAIN, LLC. ABC
CORPORATIONS 1-10, and
JOHN DOES 1-10,

Defendants.

Index No.:

**VERIFIED COMPLAINT**

---

Plaintiff, Argonaut Insurance Company ("Argonaut"), by and through its attorneys, Riker Danzig Scherer Hyland & Perretti LLP, by way of this Verified Complaint ("Complaint") against the defendants, Drivetrain, LLC, ABC Corporations 1-10, and John Does 1-10, hereby alleges and says:

<strong><u>PARTIES</u></strong>

1. At all relevant times hereinafter mentioned, Argonaut was and is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

2. Upon information and belief, Drivetrain, LLC ("Drivetrain"), is organized and existing under the laws of the State of New York and has its principal place. of business in New York.

3. Upon information and belief, Defendants ABC Corporations 1 - 10 (the "ABC Corps") are corporations, the names and addresses of residences of which are unknown. The ABC Corps are comprised of any entity or entities, other than the Plan Administrator, that may be liable or may have assumed liability as successors to the Indemnitors under the Indemnity

1

Case 1:20-cv-10434 Document 1-7 Filed 12/10/20 Page 8 of 25

Agreements pursuant to the Joint Plan as alleged hereinafter. Argonaut hereby reserves the rights to amend the Complaint to name the ABC Corps upon discovering their identity.

4. Upon information and belief, Defendants John Does 1 through 10 (the "John Does") are individuals whose names and addresses of residences are unknown. The John Does are comprised of any individual(s), other than the Plan Administrator, who may be liable or may have assumed liability as a successor to the Indemnitors under the Indemnity Agreements pursuant to the Joint Plan as alleged hereinafter. Argonaut hereby reserves the rights to amend the Complaint to name the John Does upon discovering their identity.

## ARGONAUT'S BONDS AND EXPOSURE

5. Argonaut provides bonding services to satisfy certain import duties to U.S. Customs and Border Protection ("U.S. Customs"), allowing goods to flow through customs before duties are calculated and fully paid.

6. Specifically, Argonaut issued two Customs Bonds to Hollander Sleep Products, LLC ("Hollander Sleep") as principal, totaling $1,950,000.00, Customs Bond Nos. 9914L2864 and 9914L2875 (collectively, the "Bonds"). True and correct copies of the Bonds are attached hereto as Exhibits A and B, respectively.

7. The Bonds were initially issued on June 17, 2014 and renewed annually for one-year periods thereafter through June 16, 2018.

8. The Bonds were terminated on June 16, 2018.

9. The Bonds secured the obligations of Hollander Sleep to the U.S. Customs as beneficiary, for customs, duties, fees, and other charges while the Bonds were in effect.

10. The first Bond, Bond No. 9914L2864, requires Argonaut to secure up to $50,000.00 in customs liabilities that may become due subject to the terms of the Bond in any one-year

2

period. Argonaut's potential and future liability under Bond No. 9914L2864 is cumulative so that its total potential and future liability is $50,000.00 multiplied by the number of years that Bond No. 9914L2864 was in effect. Here, the Bond was in effect for four (4) years, resulting in a potential and future liability of $50,000 x 4 = $200,000.

11. The second Bond, Bond No. 9914L2875, requires Argonaut to secure up to $1,900,000.00 in custom liabilities that may become due subject to the terms of the Bond in any one-year period. Argonaut's potential and future liability under Bond No. 9914L2875 is cumulative so that its total potential and future liability is $1,900,000.00 multiplied by the number of years that Bond No. 9914L2875 was in effect. Here, the Bond was in effect for four (4) years, resulting in a potential and future liability of $1,900,000 x 4 = $7,600,000.

12. Accordingly, Argonaut's total potential and future liability under the Bonds for the applicable four (4) years is $200,000 + $7,600,000 = $7,800,000.00, in the aggregate.

### THE INDEMNITY AGREEMENT

13. In connection with the Bonds, Indemnity Agreements were executed in May 2014, whereby Hollander Sleep, Dream II Holdings, LLC ("Dream Holdings"), and Hollander Home Fashions Holdings, LLC ("Hollander Home" and, collectively, "Indemnitors") agreed to, among other things, indemnify and save harmless Argonaut from and against all claims and liabilities in any way arising from the Bonds.

14. The Indemnitors were required to pay for all payments made under the Bonds to U.S. Customs

15. In the event that Argonaut makes payments to U.S. Customs on the Bonds, the Indemnitors are required to indemnify and pay Argonaut for all such payments, plus costs, attorneys' fees

3

Case 1:20-cv-10434   Document 1-7   Filed 12/10/20   Page 10 of 25

and interest.  A true and accurate copy of the Indemnity Agreements requiring such payments to Argonaut are attached as Exhibits C, D, and E.

16. In the Indemnity Agreements, the Indemnitors agreed to indemnify Argonaut from any and all liability:

> [I]ndemnify and save harmless Company [Argonaut] from and against any and all liability, claim, demand, loss, damage, expense, cost, attorney's fees and expenses, included without limitation, fees and disbursements of counsel incurred by the Company [Argonaut] in any action or proceeding between the indemnitor[s] and the Company [Argonaut], or between the Company [Argonaut] and any third party, which Company [Argonaut] shall at any time incur by reason of its execution of any bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Company [Argonaut] as a joint or several obligor and whether the indemnitor[s] is then liable to make such payment, and to place the Company [Argonaut] in funds to meet all its liability under any bond, promptly upon request and before Company may be required to make any payment thereunder…

See Indemnity Agreements at ¶ 2.

17. Furthermore, the Indemnity Agreements provide that the Indemnitors need to provide funds upon a demand by U.S. Customs:

> Any demand upon the Company [Argonaut] by the Obligee [the United States of America] shall be sufficient to conclude that a liability exists and the Indemnitor[s] shall then place the Company [Argonaut] with sufficient funds in a form and amount deemed acceptable in the Company's [Argonaut's] sole discretion, as collateral security to cover the liability.

Id.

18. The Indemnity Agreements also state that any successors to the original Indemnitors are equally bound:

> Each Indemnity and the heirs, legal representatives, successors and assigns of each Indemnitor[s] are, jointly and severally, bound by the provisions of this agreement and the liability of each Indemnitor[s] shall not be dependent upon the execution of this

4

Case 1:20-cv-10434 Document 1-7 Filed 12/10/20 Page 11 of 25

agreement or any instrument referred to by any other Indemnitor, and that if the Company [Argonaut] procures any co-surety or reinsurance or other surety on said bond or bonds this agreement shall be deemed extended to and for the benefit of the co-surety, reinsuring company or other surety.

See id.

## THE HOLLANDER SLEEP CHAPTER 11 BANKRUPTCY ACTION

19. On May 19, 2019, Hollander Sleep and certain affiliates (collectively "Debtors") filed for bankruptcy protection under Chapter 11 of the federal Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

20. The Debtors were New York-based manufacturers of bed pillows, mattress pads, comforter and other bedding products.

21. Argonaut filed three proofs of claims in the Bankruptcy Case against Hollander Sleep, Dream II Holdings, LLC, and Hollander Home Fashions Holdings, LLC in the aggregate amount of $7,800,000.00. True and correct copies of the Proofs of Claims are attached hereto as Exhibits F, G, and H, respectively.

22. A Joint Plan of Reorganization pursuant to Chapter 11 of the Bankruptcy Code ("Joint Plan") confirmed by the Bankruptcy Court on September 5, 2019. A true and correct copy of the Joint Plan is attached hereto as Exhibit I.

23. Through the Joint Plan, the Debtors transferred substantially all of their assets to a new owner, Bedding Acquisition, LLC ("Bedding Acquisition").

24. Pursuant to the Joint Plan, Drivetrain was appointed as the Plan Administrator.

25. As the Plan Administrator, Drivetrain is responsible for administrating the estate, assisting the Debtors in liquidating its assets, administering claims and making payments to creditors, like Argonaut.

26. As such, Drivetrain assumed all debts and liabilities under the Joint Plan as the Debtors' successor.

27. John Does and ABC Corps. are individuals and/or entities that may have also assumed debts and liabilities under the Indemnity Agreements pursuant to the Joint Plan.

28. Under the terms of the Joint Plan, the Debtors' obligations with respect to the Bonds were reaffirmed:

> [O]n the Effective Date, (1) all of the Debtors' obligations and commitments to any surety bond providers shall be deemed reaffirmed by the Plan Administrator or the Winning Bidder, as applicable, (2) surety bonds and related indemnification and collateral agreements entered into by any Debtor will be vested and performed by the applicable Post-Effective Date Debtor or the Winning Bidder, as applicable, and will survive and remain unaffected by entry of the Confirmation Order . . .

See Article V, Part E.

29. The Indemnitors, as well as their "heirs, legal representatives, successors and assigns," are jointly and severally bound by the terms and provisions of the Indemnity Agreements.

30. The Indemnitors' obligations under the Indemnity Agreements were reaffirmed by Drivetrain as the Plan Administrator of the post-confirmation Chapter 11 estates of the Debtors.

31. Accordingly, the Debtors and/or their successors, Drivetrain, are required to make the payments to U.S. Customs as well as honor the Bonds and related Indemnification Agreements.

### **ARGONAUT'S DEMAND FOR COLLATERAL AGAINST DRIVETRAIN**

32. As a result of Drivetrain's failure to pay the Bonds, Argonaut has received a number of claims from U.S. Customs under the Bonds.

6

33. Specifically, U.S. Customs has made multiple demands to Argonaut for payment under the Bonds, including case numbers: 2019550120033301; 2019550120033401; 2020170320031501; 2020170320031601; 2020550120005201; and 2020550120005301.

34. Due to the bankruptcy filing, Hollander Sleep defaulted on certain import duties owed, causing U.S. Customs to assert claims against the Bonds provided by Argonaut.

35. In turn, Argonaut made numerous demands to Drivetrain for indemnification pursuant to the terms of the Bonds and the Indemnity Agreements.

36. By way of letters dated November 1, 2019, December 6, 2019, February 21, 2020, and March 26, 2020, Argonaut invoked the provisions of the Indemnity Agreements by requesting, among other things, proof of discharge of all liability or potential liability incurred in connection with the Bonds.  True and correct copies of the November 1, 2019, December 6, 2019, February 21, 2020, and March 26, 2020 letters are attached hereto as Exhibits J, K, L, and M, respectively.

37. On June 19, 2020, Argonaut issued its final demand letter whereby Argonaut requested that $132,355.72 be placed in funds pursuant to the Indemnity Agreements on or before July 6, 2020.  A true and correct copy of the June 19, 2020 letter is attached hereto as Exhibit N.

38. The $132,355.72 demanded in the June 19, 2020 letter was to be held by Argonaut as collateral under the Indemnity Agreements until such time as adequate proof of discharge of liability for the Bonds has been provided and verified with U.S. Customs, or used as the collateral funds to satisfy any amounts that are or may become due or owing in connection with the Bonds.

Case 1:20-cv-10434   Document 1-7   Filed 12/10/20   Page 14 of 25

39. Despite Argonaut's demands, the Indemnitors have failed and refused to reimburse Argonaut or place with it collateral as demanded in material breach of their joint and several obligations under the Indemnity Agreements.

40. As of October 1, 2020, U.S. Customs has made demands for $111,303.46, which reflects the current amount asserted as owed by the Debtor and secured by Argonaut under the Bonds ("Open Duty Bill"). A true and correct copy of the October 2020 Open Duty Bill is attached hereto as Exhibit O.

41. Moreover, as of October 1, 2020, U.S. Customs has made demands for additional liquidated damages in the amount of $195,696.34 ("Liquidated Damages"). A true and correct copy of the October 2020 Liquidated Damages is attached hereto as Exhibit P.

42. The Liquidated Damages consist of violations for not paying the estimated duty at the time the goods enter into the United States.

43. Therefore, as of October 1, 2020, Argonaut's current obligations under the Bonds totals $306,999.80, which consists of the Open Duty Bill and the Liquidated Damages.

## FIRST COUNT

### Specific Performance of the Indemnity Agreements to
### Enforce Argonaut's Demand for Collateral Security

44. Argonaut repeats the allegations of paragraphs 1 through 44 of its Complaint as if set forth at length herein.

45. Under the terms of the Indemnity Agreements, the Indemnitors agreed, among other things, to deposit with Argonaut an amount of money equal to the claims received or to any reserve set by Argonaut in connection with the Bonds and to convey collateral as security for the full performance of the Indemnity Agreement.

8

46. As a result of the several claims against the Bonds, Argonaut has demanded collateral from the Indemnitors in the amount of $306,999.80.

47. The Indemnitors have failed and refused to deposit collateral with Argonaut as security for the full performance of the Indemnity Agreement.

48. By reason of the foregoing breach of the Indemnity Agreement, Argonaut has suffered, and will continue to suffer, injury and damage for which there is no adequate remedy at law.

## SECOND COUNT
### Contractual Indemnification

49. Argonaut repeats the allegations of paragraphs 1 through 49 of its Complaint as if set forth at length herein.

50. Pursuant to the Indemnity Agreement, the Indemnitors agreed to indemnify Argonaut from any and all liability:

> [I]ndemnify and save harmless Company [Argonaut] from and against any and all liability, claim, demand, loss, damage, expense, cost, attorney's fees and expenses, included without limitation, fees and disbursements of counsel incurred by the Company [Argonaut] in any action or proceeding between the indemnitor[s] and the Company [Argonaut], or between the Company [Argonaut] and any third party, which Company [Argonaut] shall at any time incur by reason of its execution of any bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Company [Argonaut] as a joint or several obligor and whether the indemnitor[s] is then liable to make such payment, and to place the Company [Argonaut] in funds to meet all its liability under any bond, promptly upon request and before Company may be required to make any payment thereunder…

See Indemnity Agreements at ¶ 2.

51. Furthermore, the Indemnity Agreements provide that the Indemnitors need to provide funds upon a demand by U.S. Customs:

> Any demand upon the Company [Argonaut] by the Obligee [the United States of America] shall be sufficient to conclude that a

9

> liability exists and the Indemnitor[s] shall then place the Company [Argonaut] with sufficient funds in a form and amount deemed acceptable in the Company's [Argonaut's] sole discretion, as collateral security to cover the liability.

Id.

52. The Indemnity Agreements also state that any successors to the original Indemnitors are equally bound:

> Each Indemnity and the heirs, legal representatives, successors and assigns of each Indemnitor[s] are, jointly and severally, bound by the provisions of this agreement and the liability of each Indemnitor[s] shall not be dependent upon the execution of this agreement or any instrument referred to by any other Indemnitor, and that if the Company [Argonaut] procures any co-surety or reinsurance or other surety on said bond or bonds this agreement shall be deemed extended to and for the benefit of the co-surety, reinsuring company or other surety.

See id.

53. Argonaut has demanded on multiple occasions that Drivetrain honor their obligations under the Indemnity Agreements to, among other things, indemnify and hold Argonaut harmless for any and all liability, loss, demand, fees and costs incurred and to be incurred.

54. Despite demand, Drivetrain has failed and refused to honor their obligations under the Indemnity Agreements and have otherwise breached the Indemnity Agreements.

55. As a result of the Indemnitors' breach of the Indemnity Agreement, Argonaut has sustained damages, costs and expenses, and will continue to sustain damages, costs and expenses.

## **THIRD COUNT**
### **Exoneration**

56. Argonaut repeats the allegations of paragraphs 1 through 56 of its Complaint as if set forth at length herein.

57. As between Argonaut and Drivetrain, Argonaut is secondarily obligated under the Bonds, while Drivetrain is primarily obligated under the Bonds, and otherwise owes a duty to Argonaut to procure the discharge of all obligations arising under the Bonds.

58. Drivetrain has failed and refused, and continues to fail and refuse to satisfy its obligations to Argonaut arising under the Bonds.

59. Argonaut is entitled to be exonerated and indemnified by Drivetrain for any and all loss incurred and to be incurred under the Bonds.

60. As a result of Drivetrain's failure to honor its obligations arising under the Bonds, Argonaut has sustained and will continue to sustain damages.

## FOURTH COUNT

### *Quia Timet*

61. Argonaut repeats the allegations of paragraphs 1 through 61 of its Complaint as if set forth at length herein.

62. Argonaut anticipates that it will be required to make payments to various claimants to cure the defaults of Drivetrain and the Indemnitors under the Bonds and the Indemnity Agreements.

63. The continued failure of Drivetrain to place Argonaut with funds equal to its reserve results in Argonaut's continuous and increasing risk of loss under the Bonds.

64. Argonaut also fears that unless the relief sought is granted, Drivetrain and/or the Indemnitors will liquidate and otherwise dissipate their assets thereby insuring that funds that ought to be applied to satisfy Argonaut's obligations under the Bonds and Drivetrain and/or the Indemnitors obligations under the Indemnity Agreements will not be available at the conclusion of this litigation.

11

## FIFTH COUNT

### Common Law Indemnification

65. Argonaut repeats the allegations of paragraphs 1 through 65 of its Complaint as if set forth at length herein.

66. As between Argonaut and Drivetrain under the Bonds, the liability of Drivetrain to Argonaut and any of the claimants is primary and Argonaut's liability is secondary.  Accordingly, Drivetrain should be required to pay any claims made on the Bonds and to place in Argonaut's possession funds or property sufficient to satisfy all such claims before Argonaut is required to make a payment thereon.

67. Based on the foregoing, Drivetrain should be required to pay any claims made against the Bonds issued by Argonaut on behalf of Drivetrain.

**WHEREFORE**, Plaintiff demands judgment as follows:

1.  On its First Cause of Action:

    a.  restraining and enjoining Drivetrain and their agents from transferring, encumbering or otherwise disposing of, and from concealing and secreting any of their property and assets, real, personal and mixed, whether jointly or solely owned, which might serve as collateral so as to secure Argonaut from liability herein until proof of record satisfactory to the Court is presented to establish that all claims to which Argonaut is exposed have been liquidated and discharged;

    b.  ordering and directing Drivetrain, and each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, immediately to deposit collateral in the amount of $306,999.80, the amount of reserves set by Argonaut;

12

   c.   requiring Drivetrain to render to Argonaut a full and complete accounting of all assets owned by them or anyone or any of them in which they or any one of them may have an interest;

   d.   for damages in an amount equal to any and all liability, loss, cost, expense, and attorneys' fees incurred or to be incurred by Argonaut as a result of its having executed the Bonds, together with the appropriate interest thereon; and

   e.   for reasonable attorneys' fees, costs of suit, interest, and any other relief that the Court deems just and proper.

   f.   awarding Argonaut such other and further relief as the Court deems just, equitable and proper;

2.   On its Second Cause of Action:

   a.   for contractual indemnification for all losses incurred and to be incurred by Argonaut, and any and all liability, loss, cost, expense, and attorneys' fees to be incurred by Argonaut, together with appropriate interest thereon;

   b.   for declaratory relief, declaring Drivetrain and/or the Indemnitors jointly and severally liable to Argonaut for all loss, liability, cost or expense to which Argonaut may be exposed or which it may sustain;

   c.   for attorneys' fees and costs of suit; and

   d.   for such other and further relief, legal or otherwise that this Court may deem just and proper.

3.   On its Third Cause of Action:

   a.   for an Order requiring Drivetrain to exonerate Argonaut for any and all damages in an amount equal to any and all liability, loss, cost, expense, and attorneys' fees

Case 1:20-cv-10434   Document 1-7   Filed 12/10/20   Page 20 of 25

incurred or to be incurred by Argonaut, together with the appropriate interest thereon;

b.  for attorneys' fees and costs of suit; and

c.  for such other and further relief, legal or otherwise that this Court may deem just and proper.

4.  On its Fourth Cause of Action:

a.  ordering and directing the Indemnitors to discharge any claims asserted against Argonaut and to reimburse Argonaut for any outlays which it may have had to make in connection therewith;

b.  ordering and directing the Indemnitors, and each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, immediately to deposit collateral in the amount of the reserves set by Argonaut for $306,999.80;

c.  directing, ordering, and adjudging that, pursuant to the common law doctrine of qu*ia timet*, Drivetrain and their agents are restrained and enjoined from transferring, encumbering or otherwise disposing of and from concealing and secreting any of their property and assets, real, personal and mixed, whether jointly or solely owned, which might serve as collateral so as to secure Argonaut from liability herein until proof of record satisfactory to the Court is presented to establish that all claims to which Argonaut is exposed have been liquidated and discharged;

14

    d.  requiring Drivetrain to render to Argonaut a full and complete accounting of all assets owned by them or anyone or any of them in which they or any one of them may have an interest;

    e.  awarding in favor of Argonaut, and against Drivetrain, damages in the amount of all expenditures, and outlays made by Argonaut, including attorneys' fees, consultant's fees, litigation expenses, interest and court costs; and

    f.  for such other and further relief, legal or otherwise that this Court may deem just and proper.

5.  On its Fifth Cause of Action:

    a.  ordering  to discharge any claims asserted against Argonaut and to reimburse Argonaut for any outlays which it may have had to make in connection therewith;

    b.  ordering and directing Drivetrain and its officers, agents, employees, attorneys and other persons acting on their behalf, immediately to deposit collateral in the amount of the reserves set by Argonaut for $306,999.80;

    c.  requiring Drivetrain to render to Argonaut a full and complete accounting of all assets owned by it or anyone in which it may have an interest;

    d.  requiring Drivetrain to allow Argonaut full and complete access to all of the financial books, records, documents and accounts maintained by it or anyone in which it may have an interest;

    e.  awarding in favor of Argonaut, and against Drivetrain, damages in the amount of all expenditures, and outlays made by Argonaut, including attorneys' fees, consultant's fees, litigation expenses, interest and court costs; and

15

f. for such other and further relief, legal or otherwise that this Court may deem just and proper.

Dated: November 4, 2020
New York, New York

RIKER DANZIG SCHERER
HYLAND & PERRETTI LLP

Curtis M. Plaza, Esq.
Tod S. Chasin, Esq.
Agostino A. Zammiello, Esq.
500 Fifth Avenue
New York, New York 10110
Tel: (212) 302-6574
Fax: (212) 302-6628

16

## VERIFICATION

STATE OF NEW YORK       )
                                  ) ss.:
COUNTY OF NEW YORK     )

Tod S. Chasin, an attorney admitted to practice in the courts of the State of New York, and not a party to this action, hereby affirms the following to be true under the penalties of perjury, pursuant to CPLR § 2106:

I am the attorney for Plaintiff ARGONAUT INSURANCE COMPANY in this action. I have read the annexed Complaint, and its factual contents are true to my personal knowledge, except as to the matters alleged on information and belief, and as to those matters, I believe them to be true.

The grounds for my belief as to all matters not stated upon my personal knowledge are correspondence and other writings furnished to me by Plaintiff ARGONAUT INSURANCE COMPANY and interviews with officers and employees of Plaintiff ARGONAUT INSURANCE COMPANY, as well as officers and employees of C.A. Shea & Company, Inc., a bond wholesaler that provides bond filing and claim handling services for Plaintiff ARGONAUT INSURANCE COMPANY.

The reason why this verification is not made by Plaintiff ARGONAUT INSURANCE COMPANY is that Plaintiff ARGONAUT INSURANCE COMPANY is a foreign corporation, and, as such, is not in the county where I have my office.

Dated: November 4, 2020
        New York, New York

                                    RIKER DANZIG SCHERER
                                    HYLAND & PERRETTI LLP

                                    Tod S. Chasin, Esq.

Sworn to me before this

4th day of November, 2020.

Notary Public

SILVA DECHOYAN
A Notary Public of New Jersey
My Commission Expires August 27, 2022

17

# EXHIBIT B

Case 1:20-cv-10434 Document 1-7 Filed 12/10/20 Page 25 of 25

## AFFIDAVIT OF SERVICE

Index # 656014/2020

SUPREME COURT,                                                   NEW YORK COUNTY

---

ARGONAUT INSURANCE COMPANY,

Plaintiff

Against

Defendant

DRIVETRAIN, LLC, et al,

---

STATE OF NEW YORK
COUNTY OF ALBANY

**Robert Wells,** being duly sworn, deposes and says that he/she is over the age of eighteen(18) years; that on **11/10/2020** at the office of the Secretary of State, of the State of New York in the City of Albany, New York he/she served the **Summons & Verified Complaint, Verification, Exhibits & Notice of Electronic Filing** annexed on **DRIVETRAIN, LLC**,

Defendant in this action, by delivering to and leave with **Nancy Dougherty** an authorized agent in the office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $40.00 dollars. That said service was made pursuant to Section **303,** Limited Liability Company Law.

Deponent further says that he/she knew the person so served **Nancy Dougherty** as aforesaid to be an authorized agent in the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of said defendant.

Deponent further states that he/she describes the person actually served as follows:

Sex: Female  Skin Color: White  Hair Color: Brown   Age(approx) 55  Height (approx) 5'1  Weight (approx)  110

Other Identifying Features:  Glasses

_____
Robert Wells

Sworn to before me, this
11/10/2020

_____
Rosemary Lanni
Notary Public State of New York
Qualified in Albany County
Reg No 4904277
Commission Expires Nov 2, 2021